IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 66295-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JASON REEVES LEE, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 22, 2014 |

SCHINDLER, J. — Jason Reeves Lee appeals the imposition of a first time offender waiver sentence. Lee claims the court did not have the authority to require him to obtain a mental health evaluation and 24 months of community custody without also ordering treatment under the first time offender waiver statute, former RCW 9.94A.650(2) (2006). Because Lee's community custody has expired, the appeal is moot, and the argument in the statement of additional grounds is without merit. We affirm.

FACTS

On March 26, 2008, Julien Chu returned home to find the front door lock broken, the windows shattered, and the house "ransacked." A number of items were missing, including a safe containing jewelry and a currency collection, two briefcases containing important documents, as well as other jewelry, electronics, computers, and cameras.

One of Chu's neighbors reported seeing a car parked outside Chu's home around the time of the burglary. The police contacted the registered owner of the vehicle, Jean Reeves. Reeves testified that she gave her son Jason Reeves Lee permission to use the car during the day.

Seattle Police Department Detective Danial Conine arrested Jason Reeves Lee for residential burglary and advised him of his Miranda[1] rights. Lee admitted that he drove two of his friends to Chu's home and "helped in the burglary."

The State charged Lee with residential burglary. A jury found Lee guilty of residential burglary.

Before the sentencing hearing, Lee and the State jointly recommended the court impose a sentence as a first time offender under former RCW 9.94A.650. In support, Lee submitted a letter from his aunt stating that Lee had "mental health issues" and "needs some serious mental health help."

At the sentencing hearing on October 19, 2010, the court exercised its discretion to impose a first time offender waiver sentence. The court asked Lee about his mental health treatment. Lee responded that he had "gone to counseling in the past" but "wouldn't say that anything is wrong with [him] seriously."

The court imposed a sentence of 90 days, credit for time served, a community custody condition that Lee "obtain upon release a mental health evaluation, and follow-up with the treatment recommended by the evaluator, if any is recommended," and 24 months of community custody. When defense counsel pointed out that former RCW 9.94A.650 authorized a community custody term of 24 months only if treatment was ordered, the court stated that if "the evaluator says there's no treatment available, or

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

needed, then [Lee] can petition the Court [to strike] the rest of the community custody." Lee did not object to imposition of the first time offender waiver sentence. Lee never filed a motion to strike the community custody.

### ANALYSIS

Lee appeals the judgment and sentence imposing the first time offender waiver. Lee asserts the court did not have the authority to require him to obtain a mental health evaluation or to impose a 24-month term of community custody.

The State argues the appeal is moot. Lee concedes the term of community custody ended in October 2012 but asserts the appeal is not moot because there are significant and adverse collateral consequences. Lee argues the judgment and sentence showing the court ordered a mental health evaluation and imposed a 24-month term of community custody may negatively affect future educational, employment, and housing opportunities.

"A case is moot if a court can no longer provide effective relief." In re Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). "As a general rule, we do not consider questions that are moot." State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). However, even where an issue is technically moot, we may nevertheless decide it if it presents matters of continuing and substantial public interest. In re Pers. Restraint of Mattson, 166 Wn.2d 730, 736, 214 P.3d 141 (2009).

In determining whether a case involves the requisite degree of public interest, we consider (1) the public or private nature the question presented, (2) the desirability of an authoritative determination for the future guidance of public officers, and (3) the likelihood that the question will recur. Mattson, 166 Wn.2d at 736.

3

The potential future harms Lee describes do not constitute the kind of "significant and adverse collateral consequences" that will save an appeal from mootness. See Cross, 99 Wn.2d at 377-78 (describing the "significant and adverse" collateral legal consequences that may be imposed on the basis of a challenged conviction or civil commitment order). Nor do the issues presented in this case involve matters of continuing and substantial public interest. See Mattson, 166 Wn.2d at 736. Although the question of whether a court has statutory authority to impose a certain condition of community custody is public in nature, Lee's arguments are particular to the facts of this case and thus there is little likelihood that the question will recur. See Mattson, 166 Wn.2d at 736. Nor is there any evidence of a particular need for future guidance.

Nonetheless, we also conclude the court had the authority to require Lee to obtain a mental health evaluation and to follow treatment recommendations. We review de novo the trial court's statutory authority to impose conditions of community custody. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

The first time offender waiver statute, former RCW 9.94A.650, gives the sentencing court broad discretion to impose conditions of supervision that address rehabilitation. The conditions imposed need not be related to the crime charged. Former RCW 9.94A.650(2)(b) states that "in addition to crime-related prohibitions," the court may order an offender to "[u]ndergo available outpatient treatment . . . or inpatient treatment." Under the first time offender waiver statute, the court can order community custody for "up to one year . . . unless treatment is ordered, in which case the period of community custody may include up to the period of treatment, but shall not exceed two years." Former RCW 9.94A.650(3)(b).

Here, the court had the authority to order Lee to obtain a mental health evaluation and "follow-up with the treatment recommended by the evaluator, if any is recommended." But in the event the mental health evaluator did not recommend treatment, the court ruled that Lee could file a motion to strike the community custody. Lee never filed a motion to strike the condition or community custody.

Because Lee's appeal of a condition of his first time offender waiver sentence is moot, and the statement of additional grounds does not raise meritorious issues, we affirm.[2]

WE CONCUR:

---

[2] In his "Statement of Additional Grounds for Review," Lee argues the court erred in denying his motion to suppress his confession. After the CrR 3.5 hearing, the court ruled that the statement was admissible because Lee "understood his rights and knowingly, voluntarily and intelligently waived [his Miranda rights]." Credibility determinations are not subject to review by this court. State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). Lee also contends his attorney provided ineffective assistance of counsel by failing to point out a date discrepancy on his confession during the CrR 3.5 hearing or during trial. But deficient performance is not shown by matters that go to trial strategy or tactics. State v. Studd, 137 Wn.2d 533, 551, 973 P.2d 1049 (1999).