# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>SYLVESTER JAMES MAHONE, Jr.<br><br>Appellant. | No. 46913-8-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, J. — Sylvester Mahone appeals the denial of his motion to credit time he spent erroneously at liberty to his postrelease supervision term. However, because Mahone has completed his postrelease supervision term, we dismiss his appeal as moot.

## FACTS

In 1995, Mahone pleaded guilty to second degree murder and was sentenced to 178 months of confinement to be followed by two years of community placement. In December 2009, Mahone began serving the postrelease supervision portion of his community placement sentence. However, he violated the terms of his supervision several times, resulting in 248 days of sanction time. This sanction time tolled his postrelease supervision term.

On April 3, 2013, Mahone petitioned the superior court to credit his sanction time to his postrelease supervision term based on the language of RCW 9.94A.171(3)(a), which states that confinement pursuant to a sanction for violation of sentence conditions does not toll a community custody term.

On April 8, the superior court agreed with Mahone, finding that RCW 9.94A.171(3)(a) applied to his postrelease supervision and that his sanction time in confinement should be credited to his community placement term. As a result, the superior court issued an order terminating Mahone's community placement term.

However, the Department of Corrections (DOC) petitioned this court to vacate the superior court's April 8 order, arguing that (1) under former RCW 9.94A.170(4) (1993) DOC and not the superior court had authority to determine tolling, (2) the superior court lacked jurisdiction to enter the order because Mahone failed to serve his motion on DOC, and (3) the plain language of RCW 9.94A.171(3)(a) does not apply to community placement.

On March 12, 2014, we agreed with DOC and vacated the superior court's April 8, 2013 termination order. On March 18, 2014, after spending approximately 11 months erroneously at liberty, Mahone reported to the DOC field office for check in and began serving the remaining postrelease supervision term.

On September 23, Mahone filed a motion to credit his erroneous time at liberty against his postrelease supervision term. On October 17, the superior court denied Mahone's motion. Mahone filed a motion for reconsideration, which the superior court denied.

Mahone appealed the denial of his motion to credit time and his motion for reconsideration. However, on May 1, 2015, Mahone completed his postrelease supervision term.

ANALYSIS

Mahone concedes that because he has completed his sentence, his appeal is rendered technically moot. However, he argues that we nevertheless should consider his appeal because it presents an issue of continuing and substantial public interest. We disagree.

No. 46913-8-II

1. No Effective Relief Available

A case is moot if the court can no longer provide effective relief. *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). As a general rule, we do not review moot cases. *In re Det. of H.N.*, 188 Wn. App. 744, 749, 355 P.3d 294 (2015).

Mahone sought to complete his remaining postrelease supervision term by way of his motion to credit his time at liberty. However, Mahone already has completed his postrelease supervision and has been released from community placement. Therefore, we cannot grant effective relief, which means that Mahone's appeal is technically moot. *See In re Pers. Restraint of Stevens*, ___ Wn. App. ___, 361 P.3d 252, 255-56 (2015) (finding case technically moot where issue was whether appellant was entitled to early release credit, but appellant had already completed his sentence and been released).

2. No Continuing and Substantial Public Interest

We may review technically moot cases that present issues of continuing and substantial public interest. *H.N.*, 188 Wn. App. at 749. However, a review of the factors and the facts of the case indicate that this case does not contain an issue of continuing and substantial public interest.

In determining whether a moot case presents an issue of continuing and substantial public interest, we consider (1) whether the issue is public or private in nature, (2) whether an authoritative determination is desirable to provide future guidance to public officers, and (3) whether the issue is likely to recur. *Id.* We may also consider the quality of the advocacy and the likelihood that the issue will escape review because the facts of controversy are necessarily short-lived. *Id.* at 749-50.

3

Here, whether to credit or not credit Mahone's time at liberty to his postrelease supervision sentence is a private issue that only affects Mahone. And because this case involves the application of sentencing provisions from 1995, which no longer are in effect, there is little need for this court to provide guidance to officials. Finally, the issue here is unlikely to recur because Mahone's erroneous release was the result of an error by the superior court, which DOC acted to correct through petition to this court. As a result of the clarification already provided by this court, the superior court is unlikely to commit the same error again. Therefore, this case is unique and is not of continuing and substantial public interest. Accordingly, we decline to apply the continuing and substantial public interest exception.

We dismiss Mahone's appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
MELNICK, J.

_____
SUTTON, J.