IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74123-3-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| O'KEITH MCGILL, | ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: April 17, 2017 |
| | ) | |

BECKER, J. — A jury unanimity instruction was not required in this burglary case because the defendant's two entries into the same apartment where he assaulted the same woman twice within two minutes amounted to a continuing course of conduct. The State was relieved of its burden to prove prior convictions at sentencing when the defendant affirmatively acknowledged his offender score and criminal history. We affirm.

Appellant O'Keith McGill was convicted of two domestic violence crimes, first degree burglary and second degree assault, for breaking into an apartment and beating up a woman who was inside.

The court refused a request by McGill to find that the two offenses were the same criminal conduct. Based on an offender score of 7, the court imposed a sentence of 67 months at the bottom of the standard range.

McGill appeals his burglary conviction and sentence.

## UNANIMITY INSTRUCTION

McGill seeks reversal of the burglary conviction on the theory that the evidence showed two distinct acts of unlawful entry and the court failed to give a unanimity instruction.

In Washington, a defendant may be convicted only when a unanimous jury concludes the criminal act charged in the information has been committed. WASH. CONST. art. 1, § 21; State v. Petrich, 101 Wn.2d 566, 569, 683 P.2d 173 (1984). When the State presents evidence of several distinct acts, any one of which could be the basis of the one count charged, either the State must tell the jury which act to rely on in its deliberations or the court must instruct the jury to agree on a specific criminal act. Petrich, 101 Wn.2d at 572-73.

The State need not make an election and the trial court need not give a unanimity instruction if the evidence shows the defendant was engaged in a continuing course of conduct. State v. Handran, 113 Wn.2d 11, 17, 775 P.2d 453 (1989). To determine whether criminal conduct constitutes one continuing act, the facts must be evaluated in a commonsense manner. Handran, 113 Wn.2d at 17. For example, where the evidence involves conduct at different times and places, then the evidence tends to show several distinct acts. Handran, 113 Wn.2d at 17. Evidence that a defendant engaged in a series of actions intended to secure the same objective supports the characterization of those actions as a continuing course of conduct rather than several distinct acts. State v. Fiallo-Lopez, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995).

At trial, the jury heard evidence that McGill pushed past the apartment's occupant to enter though the front door, assaulted the woman, and then left the apartment. McGill then walked around to the back of the apartment, broke the sliding glass door in the back with a cinder block, and entered the apartment and assaulted the woman again.

McGill argues that his two entries were not a continuing course of conduct because they were intended to secure different objectives. He testified that he first entered the apartment with the intention to store his bags there and that he made the second entry with the intention to hurt a man he believed had hit him over the head with a wine bottle.

It is undisputed that McGill assaulted the same woman in the same apartment after both entries. McGill testified that it took him only about a minute and a half to walk around the back of the apartment and gain reentry by breaking the sliding glass door. The fact that McGill broke into the same apartment almost immediately after leaving it and continued assaulting the same woman indicates a continuing course of conduct. We conclude that a unanimity instruction was not required under the facts of this case.

## OFFENDER SCORE

McGill contends that the State failed to prove his criminal history for the purpose of calculating his offender score. He asks for a resentencing at which the State would be required to prove his prior convictions.

3

The State has the burden to prove prior convictions at sentencing by a preponderance of the evidence. RCW 9.94A.500(1); State v. Hunley, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012).

A criminal history summary relating to the defendant from the prosecuting authority is prima facie evidence of the existence and validity of the convictions listed therein. RCW 9.94A.500(1). Unless the defendant *affirmatively acknowledges* the alleged criminal history, the State has the burden of proving the conviction. Hunley, 174 Wn.2d at 901. A conviction can be proved with a certified copy of the judgment or comparable evidence. Hunley, 174 Wn.2d at 901. The defendant's failure to object to the prosecutor's unproved summary of prior convictions is not an acknowledgment. Hunley, 174 Wn.2d at 912, 915. Because the defendant in Hunley did not affirmatively agree with the prosecutor's summary of his criminal history, the burden to prove his prior convictions remained with the State. The prosecutor's written summary was not enough.

Here, the State submitted a presentence report which included, as appendix B, a summary of McGill's criminal history. The State also submitted an updated sentencing recommendation that indicated an offender score of 7. McGill submitted a presentence report in which he acknowledged a criminal history including three drug offense convictions in 2000, a 1994 conviction for assault three, and a 2005 misdemeanor conviction. Notably, he requested that the court exercise its discretion to find that his current offenses constituted the same criminal conduct for the purposes of calculating his offender score, which would result in an offender score of 5. McGill's presentence report

4

acknowledged that if the court chose not to exercise such discretion, his offender score would be 7, with a standard range of 67 to 89 months. He listed the standard sentencing range as "@ Offender Score 5: 41-54 months" and "@ Offender Score 7: 67-89 months." He argued that by finding his offenses were the same criminal conduct, the court could use its discretion to sentence him at an offender score of 5 rather than at an offender score of 7.

Unlike the defendant in Hunley, McGill affirmatively acknowledged prior convictions and agreed that they gave him an offender score of 7, unless the current offenses were counted as the same criminal conduct.

McGill contends, however, that the three class B felony drug convictions from 2000 should not count toward his offender score because they washed out. Class B prior felony convictions are not to be included in the offender score, if "since the last date of release from confinement . . . pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without committing *any crime that subsequently results in a conviction*." RCW 9.94A.525(2)(b) (emphasis added).

According to the State's appendix B, McGill committed a misdemeanor on June 15, 2005. His current offenses were committed on January 23, 2015, less than 10 years later. This is prima facie evidence that McGill had not spent 10 consecutive years in the community without committing any crime that subsequently results in a conviction, as would be required for his drug convictions to wash out under RCW 9.94A.525(2)(b).

McGill contends the State did not prove the misdemeanor conviction, and as a result, he is entitled to resentencing with an offender score that does not include the felony drug convictions from 2000.

McGill's presentence report acknowledged a 2005 misdemeanor conviction but did not acknowledge the exact date in 2005. Nevertheless, the report stated that "*but for* this 2005 misdemeanor all of Mr. McGill's felony history would wash." (Emphasis added.) McGill's affirmative acknowledgement that his 2005 misdemeanor conviction prevented his prior felony convictions from washing out erases his argument that the State was obligated to prove the misdemeanor conviction.

McGill asks that no costs be awarded on appeal. Appellate costs are generally awarded to the substantially prevailing party on review. But when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2. McGill was found indigent by the trial court. If the State has evidence indicating that McGill's financial circumstances have significantly improved since the trial court's finding, the State may file a motion for costs with the commissioner.

6

No. 74123-3-I/7

Affirmed.

_Becker, J._

WE CONCUR:

_[signature]_

_Cox, J._