[No. 86135-8.   En Banc.]
Argued March 13, 2012.   Decided November 1, 2012.

THE STATE OF WASHINGTON, *Petitioner*, v. MONTE W. HUNLEY, *Respondent*.

904

*H. Steward Menefee, Prosecuting Attorney*, and *Gerald R. Fuller* and *James G. Baker, Deputies*; and *Pamela B. Loginsky* (of *Washington Association of Prosecuting Attorneys*), for petitioner.

*Manek R. Mistry* and *Jodi R. Backlund* (of *Backlund & Mistry*), for respondent.

¶1 FAIRHURST, J. — This case requires us to decide whether a sentencing court violated a defendant's right to due process by basing the imposed sentence on prior convictions demonstrated only by the prosecutor's written summary and the defendant's failure to object. The Court of Appeals held this violated the defendant's right to due process, and we now affirm.

## I. FACTS AND PROCEDURAL HISTORY

¶2 Monte W. Hunley was convicted by a jury on July 13, 2009 of attempting to elude a pursuing police vehicle. At sentencing, the State presented a written statement of prosecuting attorney (prosecutor summary), summarizing its understanding of Hunley's criminal history. The prosecutor summary was an unsworn document listing six of Hunley's alleged prior convictions, their cause numbers, and the sentencing court. Only one of the six offenses was identified by date. The prosecutor summary was not accompanied with any documentation of the alleged offenses. The defense also filed a defense statement on sentencing (defense statement), but Hunley neither disputed nor affirmatively agreed with the prosecutor summary. The defense statement merely requested a finding of mitigating factors to allow for an exceptional sentence downward.

¶3 Based on the prosecutor summary, the trial court calculated Hunley's offender score as five and sentenced him to 24 months in prison, the top of the standard range. Hunley did not challenge his offender score or sentence at the trial court.

■ ¶4 On appeal, Hunley challenged the sufficiency of the prosecutor summary.[1] He claimed certain provisions of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, that allow a sentencing court to rely on an unchallenged prosecutor summary of a defendant's criminal history in imposing a sentence violated his constitutional privilege against self-incrimination and unconstitutionally shifted the burden of proof from the State to the defendant.

¶5 The Court of Appeals did not reach Hunley's self-incrimination argument but held that the challenged SRA provisions, RCW 9.94A.500(1) and RCW 9.94A.530(2), were unconstitutional insofar as they permitted a sentencing court to make a finding of criminal history based solely on a prosecutor summary and the defendant's failure to object. *State v. Hunley*, 161 Wn. App. 919, 929, 253 P.3d 448 (2011). The Court of Appeals deemed RCW 9.94A.500(1) unconstitutional as applied and RCW 9.94A.530(2) unconstitutional on its face. *Hunley*, 161 Wn. App. at 929. Hunley's conviction was affirmed but the case was remanded for resentencing, allowing the State an opportunity to prove the defendant's criminal history.[2]

¶6 We granted the State's petition for review. *State v. Hunley*, 172 Wn.2d 1014, 262 P.3d 63 (2011). In the interim, Hunley served his time of confinement and was released.

## II. ISSUES

¶7 A. Even if we cannot provide effective relief to Hunley, should we review the issues in this case because they are of continuing and substantial public interest?

---

[1] A challenge to a defendant's criminal history relied on by the sentencing court can be raised for the first time on appeal. *State v. Mendoza*, 165 Wn.2d 913, 920, 205 P.3d 113 (2009).

[2] If an offender score determination is based on insufficient evidence, the case will be remanded for resentencing and the State is permitted to introduce new evidence "if the State allege[d] the existence of prior convictions at sentencing and the defense fail[ed] to 'specifically object' before the imposition of the sentence." *State v. Bergstrom*, 162 Wn.2d 87, 93, 169 P.3d 816 (2007) (quoting *State v. Lopez*, 147 Wn.2d 515, 520, 55 P.3d 609 (2002)).

¶8 B. Did the 2008 SRA amendments violate Hunley's right to due process by shifting the burden of proof at sentencing?

## III. ANALYSIS

¶9 Although the inability to provide effective relief to Hunley renders this case technically moot, we choose to address the issue presented because it is of continuing and substantial public interest. Substantively, we affirm the Court of Appeals and hold the 2008 amendments to RCW 9.94A.500(1) and .530(2) violated Hunley's due process rights by shifting the State's burden to prove a defendant's prior convictions at sentencing.

A.   We Review the Issue in This Case Because It Is of Continuing and Substantial Public Interest

¶10  As a general rule, we do not consider questions that are moot. *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995). A case is technically moot if the court can no longer provide effective relief. *Id.* The expiration of Hunley's sentencing term technically renders this case moot. *See In re Pers. Restraint of Mattson*, 166 Wn.2d 730, 736, 214 P.3d 141 (2009). However, we may retain and decide an appeal if it involves matters of continuing and substantial public interest. *Id.* In determining whether a case presents issues of continuing and substantial public interest, we consider three factors: " '[(1)] the public or private nature of the question presented, [(2)] the desirability of an authoritative determination for the future guidance of public officers, and [(3)] the likelihood of future recurrence of the question.' " *Id.* (internal quotation marks omitted) (quoting *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). Based on these considerations, we issued an opinion in *Mattson* despite the fact that the defendant's maximum term had expired and effective relief was no longer possible. *Id.* at 736-37. *Mattson* also involved the

interpretation of an SRA provision and its constitutional implications. *Id.* at 736.

■ ¶11 As in *Mattson*, all three considerations weigh in favor of review here. The constitutionality of these statutes related to criminal sentencing presents an issue of public interest. Further, how to sufficiently prove the existence of prior convictions at a sentencing hearing is an issue of statewide importance. While we can no longer provide effective relief to Hunley, his factual and legal scenario is undoubtedly likely to recur. An authoritative determination for the future guidance of prosecutors, defense attorneys, and trial court judges is therefore beneficial. Accordingly, despite our inability to provide effective relief to Hunley, we will address the issue presented in this case.

B.   The 2008 SRA Amendments Unconstitutionally Shift the Burden of Proof at Sentencing

¶12 Hunley argues that RCW 9.94A.500(1) and .530(2) violated his due process rights by relieving the State of its burden to prove prior convictions. The Court of Appeals agreed, and we now affirm.

1.  *Standard of review*

■ ■ ¶13 A challenge to the constitutionality of a statute is reviewed de novo. *City of Bothell v. Barnhart*, 172 Wn.2d 223, 229, 257 P.3d 648 (2011). The statute is presumed to be constitutional and the challenger must show the statute is unconstitutional beyond a reasonable doubt. *Id.*

2.  *Hunley's sentencing was unconstitutional because the State failed to prove prior convictions by a preponderance of the evidence*

■ ¶14 The trial court must conduct a sentencing hearing before imposing a sentence on a convicted defendant. RCW 9.94A.500(1). A defendant's offender score affects the sentencing range and is generally calculated by adding

together the defendant's current offenses and the prior convictions. RCW 9.94A.589(1)(a). In determining the proper offender score, the court "may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). The purpose of this limitation is "to protect against the possibility that a defendant's due process rights will be infringed upon by the sentencing judge's reliance on false information." *State v. Herzog*, 112 Wn.2d 419, 431-32, 771 P.2d 739 (1989); WASH. CONST. art. I, § 3 ("No person shall be deprived of life, liberty, or property, without due process of law.").

¶15 The legislature amended RCW 9.94A.500(1) in 2008 to provide that "[a] criminal history summary relating to the defendant from the prosecuting authority or from a state, federal, or foreign governmental agency shall be prima facie evidence of the existence and validity of the convictions listed therein." LAWS OF 2008, ch. 231, § 2. At the same time, RCW 9.94A.530(2) was also amended to add, "Acknowledgment includes . . . not objecting to criminal history presented at the time of sentencing." LAWS OF 2008, ch. 231, § 4. Prior to the 2008 amendments, RCW 9.94A-.500(1) and .530(2) allowed a sentence to be based upon unchallenged information contained within a "presentence report."[3] *See* former RCW 9.94A.500(1) (2006); former RCW 9.94A.530(2) (2005). The primary issue in this case is whether these amendments violate due process.

¶16 It is well established that the State has the burden to prove prior convictions at sentencing by a pre-

---

[3] A presentence report is commonly understood as a report completed by the Department of Corrections (DOC), containing the defendant's criminal history. *See Mendoza*, 165 Wn.2d at 922. We have never specifically addressed the constitutional sufficiency of this report as evidence of prior convictions, but there are important differences between a DOC presentence report and a prosecutor's summary statement. For instance, the DOC is a neutral third party with no individual stake in the outcome of the sentencing. In contrast, the prosecuting authority "often has a motive to demand a severe sentence," underscoring the necessity for constitutional protection. *Mitchell v. United States,* 526 U.S. 314, 329, 119 S. Ct. 1307, 143 L. Ed. 2d 424 (1999).

ponderance of the evidence. *State v. Ford*, 137 Wn.2d 472, 479-80, 973 P.2d 452 (1999). Bare assertions, unsupported by evidence, do not satisfy the State's burden to prove the existence of a prior conviction. *Id.* at 482; *State v. Lopez*, 147 Wn.2d 515, 523, 55 P.3d 609 (2002). While the preponderance of the evidence standard is "not overly difficult to meet," the State must at least introduce "evidence of some kind to support the alleged criminal history." *Ford*, 137 Wn.2d at 480. Further, unless convicted pursuant to a plea agreement, the defendant has "*no obligation* to present the court with evidence of his criminal history." *Lopez*, 147 Wn.2d at 521.

¶17 The burden lies with the State because it is "inconsistent with the principles underlying our system of justice to sentence a person on the basis of crimes that the State either could not or chose not to prove." *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 357, 759 P.2d 436 (1988). We have also emphasized that

> [s]entencing is a critical step in our criminal justice system. The fact that guilt has already been established should not result in indifference to the integrity of the sentencing process. Determinations regarding the severity of criminal sanctions are not to be rendered in a cursory fashion. Sentencing courts require reliable facts and information. To uphold procedurally defective sentencing hearings would send the wrong message to trial courts, criminal defendants, and the public.

*Ford*, 137 Wn.2d at 484.

¶18 "The best evidence of a prior conviction is a certified copy of the judgment." *Id.* at 480. "However, the State may introduce other comparable documents of record or transcripts of prior proceedings to establish criminal history." *Id.*; *see, e.g., In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 566, 570, 243 P.3d 540 (2010) (prior driving under the influence conviction proved by Department of Licensing driving record abstract and a defendant case history from the District and Municipal Court Information

System (DISCIS);[4] reasoning both are "official government records, based on information obtained directly from the courts, and can be created or modified only by government personnel following procedures established by statute or court rule"); *State v. Vickers*, 148 Wn.2d 91, 120-21, 59 P.3d 58 (2002) (prior conviction proved by certified copy of docket sheet showing guilty plea); *State v. Winings*, 126 Wn. App. 75, 91-93, 107 P.3d 141 (2005) (prior out of state convictions adequately proved with copies of minute orders, defendant's guilty pleas, charging documents identifying prior crimes and their elements, and certified abstract of judgment, taken together); *State v. Payne*, 117 Wn. App. 99, 105-06, 69 P.3d 889 (2003) (prior conviction from Canada proved when State introduced evidence of the warrant, information, sentence, transcript of defendant's plea and submissions, and warrant of committal).

¶19 We have vacated sentences on multiple occasions where the State failed to provide sufficient evidence of prior convictions. *See State v. Mendoza*, 165 Wn.2d 913, 928-29, 205 P.3d 113 (2009); *Lopez*, 147 Wn.2d at 523; *Ford*, 137 Wn.2d at 482. *Ford* is the seminal case that establishes the foundational principles for our analysis in this case. There, the State orally summarized the defendant's prior out of state convictions and the trial court counted the convictions toward the defendant's offender score as comparable Washington offenses. *Ford*, 137 Wn.2d at 475-76. We reasoned that no evidence was introduced to support the out of state

---

[4] In *Adolph*, we described DISCIS as

"a case management system used by courts of limited jurisdiction that draws on the [Judicial Information System (JIS)] database and can produce a log of any individual's criminal history for any case in which entries were made into the JIS." The JIS "is the primary information system for courts in Washington" and "serves as a statewide clearinghouse for criminal history information." Records on the JIS system are added by courts of limited jurisdiction and the superior courts pursuant to rules adopted by the JIS committee. The ability to add records to JIS is limited to court personnel.

170 Wn.2d at 569-70 (alteration in original) (citations omitted) (quoting *State v. Cross*, 156 Wn. App. 568, 588, 234 P.3d 288 (2010); *Judicial Information System (JIS)*, WASH. COURTS, http://www.courts.wa.gov/jis (last visited Oct. 24, 2012)).

offenses or comparability to Washington offenses because "a prosecutor's assertions are neither fact nor evidence, but merely argument." *Id.* at 483 n.3. Accordingly, we held that the State failed to meet the preponderance standard and that the lack of evidence fell "below even the minimum requirements of due process." *Id.* at 481.

¶20 The State argued on appeal that no additional evidence was required because the defendant acknowledged the prior conviction by failing to object. *Id.* at 478. But we rejected that argument and declared that "[a]cknowledgment does not encompass bare assertions by the State unsupported by the evidence." *Id.* at 483. Accordingly, the defendant's mere failure to object to State assertions of criminal history at sentencing does not result in an acknowledgment. *Id.* at 482-83. There must be some *affirmative* acknowledgment of the facts and information alleged at sentencing in order to relieve the State of its evidentiary obligations. *Id.* "To conclude otherwise would not only obviate the plain requirements of the SRA but would result in *an unconstitutional shifting of the burden of proof to the defendant.*" *Id.* at 482 (emphasis added).

¶21 Our holdings in *Ford* have been reaffirmed in subsequent opinions. *See Mendoza,* 165 Wn.2d at 928-29; *Lopez,* 147 Wn.2d at 523; *State v. Bergstrom,* 162 Wn.2d 87, 93, 169 P.3d 816 (2007); *In re Pers. Restraint of Cadwallader,* 155 Wn.2d 867, 876, 123 P.3d 456 (2005). In *Lopez,* the defendant admitted to one prior conviction at trial. 147 Wn.2d at 517. Then, at sentencing, the prosecutor alleged additional prior convictions without introducing any supporting evidence. *Id.* at 518. The prosecutor offered to provide copies of the judgment and sentences, but the sentencing court elected to proceed without them. *Id.* The sentencing court properly considered the prior conviction Lopez admitted to at trial. *Id.* However, we ruled that the other alleged convictions were unproved and it was therefore error to consider them for sentencing purposes. *Id.* at 520. In doing so, we reiterated the rule that " '[t]he State

does not meet its burden through bare assertions[ ] unsupported by [the] evidence.' " *Id.* at 523 (quoting *Ford*, 137 Wn.2d at 482).

¶22 *Mendoza* involved a set of facts nearly identical to those here. In *Mendoza*, the sentencing court relied on a filed statement of prosecuting attorney that included a list asserting the defendant's criminal history. 165 Wn.2d at 917. The statement listed the sentencing court and date of the crime but did not include any other documentation to verify the convictions. *Id.* at 918. The defendant did not object to the criminal history at sentencing, nor did he affirmatively agree with the prosecutor's representations. *Id.* Operating under former RCW 9.94A.500(1) and .530(2), we held that the term "presentence report" did not include the prosecutor's summary list of the defendant's criminal history, and therefore the court erroneously considered it. *Mendoza*, 165 Wn.2d at 925. Further, we once again held that the defendant's failure to object to the prosecutor's statement of criminal history was not an acknowledgment of that history. *Id.*; *see also State v. Weaver*, 171 Wn.2d 256, 260, 251 P.3d 876 (2011) ("affirmative acknowledgment" is required). The constitutional limits of the legislature's ability to define when an acknowledgment occurs was not analyzed, however, because the issue was not raised by the parties. *Mendoza*, 165 Wn.2d at 922 n.2.

¶23 Hunley's alleged prior convictions, like those in *Ford*, *Lopez*, and *Mendoza*, were established solely on the prosecutor's summary assertion of the offenses. The prosecutor did not present any evidence documenting the alleged convictions. There was no certified judgment and sentence or other comparable document of record, like a DISCIS criminal history summary. And Hunley never affirmatively acknowledged the prosecutor's assertions regarding his criminal history.

¶24 Under *Ford* and its progeny, the outcome is clear. But in 2008, when the legislature amended the SRA provisions, it specifically referenced our decisions in *Ford*,

*Lopez,* and *Cadwallader* and commented the amendments to RCW 9.94A.500(1) and .530(2) were intended "to ensure that sentences imposed accurately reflect the offender's actual, complete criminal history, whether imposed at sentencing or upon resentencing." LAWS OF 2008, ch. 231, § 1. By asserting that a criminal history summary provides prima facie evidence of criminal history, and that failure to object to this summary constitutes an acknowledgment, the 2008 SRA amendments attempt to overrule the listed case law, along with *Mendoza* and several Court of Appeals decisions. The legislature may change a statutory interpretation, but it cannot modify or impair a judicial interpretation of the constitution. *Seattle Sch. Dist. No. 1 v. State,* 90 Wn.2d 476, 497, 585 P.2d 71 (1978).

¶25 The 2008 SRA amendments are impermissible because the *Ford* decision was rooted in principles of due process. Our constitutional analysis in that case cannot be separated from the opinion. We explicitly held that this type of procedure, whereby the defendant's failure to object to a prosecutor's summary statement constitutes an acknowledgment at sentencing, "would not only obviate the plain requirements of the SRA but would result in *an unconstitutional shifting of the burden of proof to the defendant.*" *Ford,* 137 Wn.2d at 482 (emphasis added). That would be unconstitutional because it violates a "basic principle[ ] of due process," that facts relied upon at sentencing must have some basis in the record. *Id.* Further, the failure to prove prior convictions with evidence satisfying the preponderance standard "falls below even the minimum requirements of due process." *Id.* at 481. We also fixed our analysis to the principles of due process by quoting with approval from the American Bar Association *ABA Standards for Criminal Justice: Sentencing* (3d ed. 1994):

> "The meaning of appropriate due process at sentencing is not ascertainable in strictly utilitarian terms. There is an important symbolic aspect to the requirement of due process. Our concept of the dignity of individuals and our respect for the law

itself suffer when inadequate attention is given to a decision critically affecting the public interest, the interests of victims, and the interests of the persons being sentenced. Even if informal, seemingly casual, sentencing determinations reach the same results that would have been reached in more formal and regular proceedings, the manner of such proceedings does not entitle them to the respect that ought to attend this exercise of a fundamental state power to impose criminal sanctions."

*Ford*, 137 Wn.2d at 484 (quoting *ABA Standards* std. 18-5.17, at 206).

¶26 Accordingly, the 2008 SRA amendments improperly modify our judicial interpretation *of the constitution* in *Ford* and its progeny. The burden to prove prior convictions at sentencing rests firmly with the State. While the burden is not overly difficult to meet, constitutional due process requires at least some evidence of the alleged convictions. A prosecutor's bare allegations are not evidence, whether asserted orally or in a written document. The State in this case could have established Hunley's prior convictions through certified copies of the judgment and sentences or other comparable documents. Our constitution does not allow us to relieve the State of its failure to do so simply because Hunley failed to object. In other words, it violates due process to base a criminal defendant's sentence on the prosecutor's bare assertions or allegations of prior convictions. And it violates due process to treat the defendant's failure to object to such assertions or allegations as an acknowledgment of the criminal history. The Court of Appeals held RCW 9.94A.500(1) and .530(2) cannot change this and they are unconstitutional insofar as they attempt to do so.[5] We agree and affirm.

¶27 We also affirm the Court of Appeals' remedy to re-mand for resentencing, requiring the State to prove Hunley's

_____

[5] Because we hold the 2008 SRA amendments violated Hunley's due process rights, like the Court of Appeals, we do not address his related argument: that the amendments also violate his privilege against self-incrimination. *Johnson v. Morris*, 87 Wn.2d 922, 931, 557 P.2d 1299 (1976).

prior convictions unless affirmatively acknowledged. *See State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003) (erroneous calculation of offender score requires remand for resentencing unless the record clearly shows the trial court would have imposed the same sentence regardless of the error); *see also State v. Raines*, 83 Wn. App. 312, 315, 922 P.2d 100 (1996) (resentencing appropriate even though defendant had served entire modified sentence because modifications could cause a future sentencing court to impose additional demanding conditions of community placement or sway a court to impose the high end of the standard range). The judgment and sentence should reflect Hunley's accurate offender score.

### 3. *RCW 9.94A.500(1) is unconstitutional as applied and RCW 9.94A.530(2) is unconstitutional on its face*

¶28 This conclusion poses an additional inquiry—whether the amendments are facially unconstitutional or unconstitutional as applied to the facts of this case. A statute is unconstitutional on its face if "no set of circumstances exists in which the statute, as currently written, can be constitutionally applied." *City of Redmond v. Moore*, 151 Wn.2d 664, 669, 91 P.3d 875 (2004). Such statutes are rendered totally inoperative. *Id.* In contrast, "[a]n as-applied challenge to the constitutional validity of a statute is characterized by a party's allegation that application of the statute in the specific context of the party's actions or intended actions is unconstitutional." *Id.* at 668-69. "Holding a statute unconstitutional as-applied prohibits future application of the statute in a similar context, but the statute is not totally invalidated." *Id.* at 669.

¶29 The 2008 amendment to RCW 9.94A.500(1) is not unconstitutional on its face, but rather as applied. The statute makes a criminal history summary prima facie evidence of the existence and validity of prior convictions listed therein. However, the term, criminal history summary, is not defined. It is not necessarily limited to the type

of summary submitted by the prosecutor in Hunley's case. For instance, a criminal history summary may be accompanied by sufficient evidence to establish the prior convictions without violating due process. A criminal history summary may also be submitted by a state, federal, or foreign governmental agency in a manner sufficiently comparable to a certified copy of the judgment and sentence, so that due process is satisfied. In other words, there exists a set of circumstances under which the statute can be constitutionally applied. The amendment to RCW 9.94A.500(1) is unconstitutional only insofar as it allows a prosecuting authority to establish the existence and validity of a defendant's prior convictions with an unsupported criminal history summary from the prosecutor.

¶30 However, the amendment to RCW 9.94A.530(2)—which makes the defendant's failure to object to a criminal history summary an acknowledgment—is unconstitutional on its face. *Ford* and other cases, like *Mendoza*, have made clear the State must meet its burden to prove prior convictions by presenting at least some evidence. That burden is relieved only if the defendant *affirmatively* acknowledges the alleged criminal history. *Ford*, 137 Wn.2d at 482-83; *Mendoza*, 165 Wn.2d at 925. The 2008 amendment to RCW 9.94A.530(2) is therefore unconstitutional on its face, and totally inoperative, because there are no set of circumstances in which the defendant's mere failure to object can constitute an acknowledgment. The Court of Appeals correctly held the same, and we therefore affirm.

## IV. CONCLUSION

¶31 The 2008 amendments to RCW 9.94A.500(1) and .530(2) are unconstitutional because they violated Hunley's due process rights by shifting the prosecutor's burden of proving prior convictions at sentencing. The amendment to RCW 9.94A.500(1) is unconstitutional as applied to Hunley's

case, and the amendment to RCW 9.94A.530(2) is unconstitutional on its face. We affirm the Court of Appeals.

C. JOHNSON, CHAMBERS, OWENS, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.

MADSEN, C.J., concurs in the result only.