2015 SEP 14 AM 9: 24



## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Detention of | ) | No. 72108-9-I |
| | ) | |
| A.C.P. | ) | DIVISION ONE |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | FILED: September 14, 2015 |

LEACH, J. — The State appeals the trial court's dismissal of a 14-day involuntary treatment petition for A.C.P. because a mental health professional did not examine A.C.P. within three hours, as required by RCW 71.05.153. After the parties submitted briefing to this court, the legislature amended this statute to provide that dismissal of a commitment petition is not an appropriate remedy for violations of the statute's time requirements, except where the treating facility staff or mental health professional totally disregard the requirements. As a result, this moot case no longer presents any issue of substantial importance. We dismiss it.

### FACTS

Police detained A.C.P. on May 3, 2014, and brought him to Harborview Medical Center's emergency room. No mental health professional evaluated him within three hours, as required by statute. A.C.P. moved to dismiss the State's petition for A.C.P.'s involuntary commitment because of Harborview's failure to

comply with the time requirements of RCW 71.05.153. The trial court decided that Harborview's violation of these time requirements required dismissal of the State's petition.

STANDARD OF REVIEW

This court does not review moot issues on appeal if the court cannot provide effective relief unless the appeal involves matters of continuing and substantial public interest.[1]

ANALYSIS

The State agrees that this case is moot. The 14-day detention period it requested expired long ago. The legislature's recent amendment of RCW 71.05.153[2] resolves the legal issue it presented, the appropriate remedy for violation of a statutory deadline for evaluation or a commitment decision. The State now asks that we decide if Harborview totally disregarded the time requirements of RCW 71.05.153. It asserts that this will provide guidance in future cases applying the new statutory test for dismissal.

The trial court made no findings on the factual issue the State claims we should review. This court does not weigh evidence presented below and make

---

[1] State v. Hunley, 175 Wn.2d 901, 907-08, 287 P.3d 584 (2012).
[2] ENGROSSED SECOND SUBSTITUTE S.B. 5649, 64th Leg., Reg. Sess. (Wash. 2015).

findings.[3] We decline to issue an advisory opinion on the particular facts of this case on an issue not ripe for review.[4]

## CONCLUSION

Because this case does not meet the criteria for review in a moot case, we dismiss it.

_Leach, J._

WE CONCUR:

_Spearman, C.J._

---

[3] Bale v. Allison, 173 Wn. App. 435, 458, 294 P.3d 789 (2013) (quoting Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009)).

[4] To-Ro Trade Shows v. Collins, 144 Wn.2d 403, 416, 27 P.3d 1149 (2001).