IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33830-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TONYA LEIGH KIEHN, | ) | |
| | ) | |
| Appellant. | ) | |

Pennell, J. — Tonya Leigh Kiehn appeals from the 2015 Adams County Superior

Court's denial of her motion to remit payment of legal financial obligations (LFOs).

After Ms. Kiehn filed her appeal, the superior court entered an order remitting the LFOs

and waiving the accrued interest. In the interests of justice, we grant authority to the

superior court nunc pro tunc to enter the order of remission, and dismiss her appeal as

moot.  RAP 1.2(a), 7.2(e), 12.2.

## DISCUSSION

Ms. Kiehn pleaded guilty in November 2008 to third degree theft.  At sentencing,

the Adams County Superior Court imposed the following LFOs:  $200 filing fee; $500

victim assessment; $30 sheriff's fee; $500 for the court-appointed attorney; and a $500

fine.  Ms. Kiehn had already paid $3,000 in restitution.  She moved for remission of her

LFOs in September 2015, presenting evidence that she was homeless and that her entire

income consisted of social security disability payments and food stamps.  The superior

court denied Ms. Kiehn's motion to remit, but reduced her monthly obligation to $5.00.

Ms. Kiehn appealed.

After Ms. Kiehn filed her appeal, the Washington Supreme Court decided *City of

Richland v. Wakefield*, ___ Wn.2d ___, 380 P.3d 459 (2016).  *Wakefield* holds that a

court is prohibited from ordering a defendant to pay LFOs if their only source of income

is social security disability benefits, or if they or their family would otherwise suffer a

manifest hardship by payment of LFOs.  *Id.* at 464-66.  In light of *Wakefield*, the State

filed a motion to strike oral argument and moved in superior court for an order for

remission of Ms. Kiehn's LFOs.  Despite the fact that the superior court did not have

approval from this court[1] to address a decision currently under review, the superior court remitted Ms. Kiehn's outstanding LFOs and waived the accrued interest.

Here, as in *Wakefield*, the appellant's sole current sources of income are her social security disability benefits and food stamps. Accordingly, we agree with the parties that payment of the LFOs would impose a manifest injustice on Ms. Kiehn. Normally, we would then remand the matter to the superior court for entry of an order remitting the outstanding LFOs and interest. *See Wakefield*, 380 P.3d at 464. Here, however, the State moved for and obtained an order of remission without seeking the permission of this court. *See* RAP 7.2(e). Because we have the authority to liberally construe the rules to promote justice (RAP 1.2(a)), and may take any action that the merits of the case and the interests of justice may require (RAP 12.2), we grant authority to the superior court nunc pro tunc to enter the order remitting Ms. Kiehn's LFOs and accrued interest.

## CONCLUSION

Ms. Kiehn thus has the relief she requested, and neither party contends her case implicates the kind of continuing and substantial public interest that justifies further review. *See State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012) (issues that are

---

[1] A party must seek permission from this court prior to filing a postjudgment motion in the trial court if the trial court determination will change a decision currently being reviewed by this court. RAP 7.2(e).

No. 33830-4-III
*State v. Kiehn*

technically moot may still be retained and decided if they involve matters of continuing

and substantial public interest). Accordingly, we dismiss this appeal as moot.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Pennell, J.

WE CONCUR:

Fearing, C.J.

Siddoway, J.

4