FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 APR 24  AM 8: 39

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 74357-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| LESLIE VERONICA BOWLAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 24, 2017 |
| | ) | |

MANN, J. — Leslie Bowlan contends, and the State concedes, that the trial court improperly imposed a standard range sentence of 67 to 89 months. We remand for resentencing.

I

In September 2002, Bowlan was charged with delivery of cocaine. Bowlan opted to enter into the Snohomish County Drug Treatment Court's Chronic-Utilizer Alternative Response Team (CHART) program, and signed all agreements and contracts required for participation in the program. One month later, Bowlan failed to show up for drug court and a warrant was issued for her arrest. The warrant explicitly limited extradition authority to within Washington State. The warrant remained outstanding.

Between 2003 and 2013, Bowlan was convicted of six offenses in California including five for possession of a controlled substance and one for possessing a fictitious check.

In 2015, the extradition boundaries were expanded and Bowlan was arrested on the warrant in Arizona and extradited to Washington. The trial court terminated Bowlan from the CHART program. The court found her guilty beyond a reasonable doubt based on agreed documentary evidence. At sentencing, the court adopted the standard range provided by the State, which was 67 to 89 months confinement. The trial court sentenced Bowlan to a prison-based DOSA sentence, 39 months confinement and 39 months community custody, totaling 78 months.

II

Standard range sentences are set forth in the sentencing grid in RCW 9.94A.510. The applicable range sits at the "intersection of the column defined by the offender score and the row defined by the offense seriousness score." RCW 9.94A.530(1). The offender score is determined by the number of current and prior convictions that are still on the record. RCW 9.94A.525. Any sentence imposed under RCW 9.94A.525 shall be determined in accordance with the law in effect when the offense was committed. RCW 9.94A.345. Bowlan committed the crime in 2002. At that time, delivery of a controlled substance had an offense seriousness score of seven. See former RCW 9.94A.515(1) (2002). At the time of her conviction, Bowlan's prior criminal history included the six convictions in California, meaning her offender score was six. Therefore, the correct sentencing range was 57 to 75 months confinement. RCW 9.94A.510. At sentencing, the trial court improperly applied an offender score of seven,

which has the standard range of 67 to 89 months. The trial court sentenced Bowlan to 78 months, exceeding the correct standard range.

The State concedes that the trial court erred by applying the incorrect standard range and sentencing above the applicable range. Both parties request that this court remand the matter to the trial court for resentencing within the correct standard range.

An erroneous calculation of an offender score requires remand for resentencing unless the record clearly shows the trial court would have imposed the same sentence regardless of the error. State v. Tili, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003); In re Call, 144 Wn.2d 315, 332, 28 P.3d 709 (2001). The sentence imposed exceeds the standard range, and therefore could not have been imposed if the proper range was used. Accordingly, we remand for resentencing.

"On remand for resentencing . . . the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." RCW 9.94A.530(2). The State is required to prove each of Bowlan's prior convictions, as the record does not indicate that Bowlan ever affirmatively acknowledged those convictions. State v. Hunley, 175 Wn.2d 901, 915-16, 287 P.3d 584 (2012).

Because we are remanding for resentencing we do not address Bowlan's other arguments—including whether the trial court properly considered the California convictions and whether the legal financial obligations were properly imposed.

These arguments should be addressed at the sentencing hearing below.

_____

WE CONCUR: