IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| JOHN C. HAWTHORNE, | No.  48745-4-II |
| Appellant, | |
| v. | |
| KRISTINA POMERLEAU, Any Subtenants, and All Others Acting By Or Through Them, | UNPUBLISHED OPINION |
| Respondents. | |

JOHANSON, P.J.  —  John C. Hawthorne appeals from the superior court commissioner's ex parte orders that granted stays of writs of restitution and that waived bond pending hearings on the merits.  Even though the issues raised are moot, we reach the merits of the case because they raise issues of important public policy that are likely to recur.  We hold that the superior court commissioner erred when it heard the ex parte motions to stay execution of the writs of restitution and waived the bond without notice to Hawthorne in violation of the notice and hearing requirements provided in RCW 59.18.390(1).  We reverse.

FACTS

On January 14, 2016, Kristina Pomerleau had failed to pay past-due rent and Hawthorne, the landlord, served Pomerleau with a three-day notice to pay rent or vacate and with notice terminating her tenancy.  Pomerleau failed to pay the past-due rent and also failed to vacate or

surrender the premises, so Hawthorne filed an unlawful detainer action to evict Pomerleau. The complaint sought restitution of the premises, forfeiture of Pomerleau's tenancy, judgment against Pomerleau for rent and damages, and reasonable costs and attorney fees.

On January 29, Pomerleau did not appear at the show cause hearing, and Hawthorne obtained a judgment and writ of restitution. However, several days after the show cause hearing, Pomerleau brought an ex parte motion to stay execution of the writ, claiming that she had not been properly served with notice. The superior court commissioner granted the stay on the basis that "there is a dispute about service of process." Clerk's Papers (CP) at 25. The order staying the writ waived the bond requirement using a preprinted form that stated, "Bond is waived until the hearing on the merits of this motion." CP at 25.

On February 12, in a subsequent show cause hearing, Hawthorne argued that the ex parte hearing to stay the writ was improper and that the stay was invalid because Pomerleau was required under RCW 59.18.390(1) to post a bond when retaining possession of the premises and before obtaining a stay of a writ of restitution. At the show cause hearing, attended by both parties, the superior court commissioner ruled that Hawthorne needed to re-serve the summons and complaint to Pomerleau. And at the hearing, Pomerleau was served with a second amended summons and complaint, and she acknowledged being served.

On March 4, Pomerleau failed to appear at the show cause hearing for the summons and complaint re-served on February 12, and judgment was entered and a writ of restitution was entered.

On March 10, Pomerleau again sought and was granted an ex parte stay of the writ issued on March 4, based on the false claim that she was not properly served. Again, the bond

requirement was waived on the same preprinted form. On March 11, the superior court commissioner lifted the stay and authorized a writ of restitution for the sheriff to evict Pomerleau. The sheriff executed the writ on March 15, two months after Pomerleau first received notice terminating her tenancy. The superior court commissioner also entered four supplemental judgments for damages, attorney fees, and costs.

## ANALYSIS

### I. MOOTNESS

Hawthorne acknowledges that the matters presented are moot but argues that we should consider them because they involve "issues of continuing and substantial public interest." Br. of Appellant at 7-9. We agree.

### A. RULES OF LAW

A case is moot if "'the court can no longer provide effective relief.'" *In re Detention of M.W.*, 185 Wn.2d 633, 648, 374 P.3d 1123 (2016) (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)). Even when cases are moot, we have discretion to address questions "of continuing and substantial public interest." *M.W.*, 185 Wn.2d at 648. When considering whether a case involves issues of continuing and substantial public interest, we consider (1) "'the public or private nature of the question presented,'" (2) "'the desirability of an authoritative determination for the future guidance of public officers,'" and (3) "'the likelihood of future recurrence of the question.'" *M.W.*, 185 Wn.2d at 648 (internal quotation marks omitted) (quoting *Hunley*, 175 Wn.2d at 907).

No. 48745-4-II

## B. ANALYSIS

The superior court commissioner issued judgment in favor of Hawthorne and granted a writ of restitution authorizing the sheriff to evict Pomerleau. And Pomerleau has been evicted. Thus, the superior court commissioner necessarily lifted the writ's stay, and we can no longer provide effective relief regarding the stay and the waiver of bond pending the show cause hearing. *See M.W.*, 185 Wn.2d at 648. As such, the case is moot. *M.W.*, 185 Wn.2d at 648.

However, the three factors for determining whether a matter is of continuing and substantial public interest each weigh in favor of a conclusion that we should reach the merits of the issues. We analyzed these three factors under virtually identical circumstances to those presented here. *See Randy Reynolds & Associates, Inc. v. Harmon*, No. 49588-1-II, slip op. at 4 (Wash. Ct. App., Oct. 31, 2017). There, as here, we concluded that this matter raises issues of continuing and substantial public interest such that we should reach the merits of the case.

## II. CR 5(a) AND RCW 59.18.390(1)

Hawthorne argues that the superior court commissioner erred when the commissioner heard, ex parte, the motions to stay execution of writs of restitution and when the commissioner waived bond without notice to Hawthorne and an opportunity to be heard. We agree.

*Reynolds* presented identical issues and is controlling here. No. 49588-1-II, slip op. at 10, 11-12. Thus, we conclude that the superior court commissioner erred when the commissioner heard the motion to stay the writ of restitution ex parte and the commissioner erred when the commissioner waived the bond in violation of the notice and hearing requirements provided in RCW 59.18.390(1).

4

### III.  ATTORNEY FEES

Hawthorne requests attorney fees and costs, arguing that his rental agreement provides that he is entitled to reasonable attorney fees and costs accrued on appeal.  We agree.

Under RAP 18.1(a), "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this rule."  "A contract providing for an award of attorney fees at trial . . . supports such an award on appeal."  *Hall v. Feigenbaum*, 178 Wn. App. 811, 827, 319 P.3d 61 (2014).

Under Hawthorne's rental agreement with Pomerleau, "[i]f by reason of any default on the part of the Tenant, in the performance of any provisions of this agreement it becomes necessary, in the opinion of Owner to employ an attorney, the Tenant agrees to pay all costs, expenses and attorney fees expended or incurred by Owner in connection therewith in accordance with the [Residential] Landlord-Tenant Act[ of 1973], Chapter 59.18 RCW."  CP at 13.  Hawthorne's unlawful detainer action is an action resulting from Pomerleau's defaulting on the rent payment provisions of the rental agreement, so Hawthorne is entitled to attorney fees and costs, including those associated with the appeal.  *See Hall*, 178 Wn. App. at 827.  Hawthorne is the prevailing party in this appeal.  Thus, subject to his compliance with RAP 18.1, we award Hawthorne attorney fees on appeal in an amount to be determined by a commissioner of this court.  *See Hall*, 178 Wn. App. at 827.

No. 48745-4-II

We reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

LEE, J.

MELNICK, J.