IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35581-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JESSE LEE CRISWELL, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Jesse Criswell assigns error to the amount of restitution imposed on him after his convictions for forgery and theft.  Because the sentencing court lowered the amount of restitution after the filing of the notice of appeal, we dismiss the assignment of error as moot.  We also reject Jesse Criswell's challenge to the jury verdict based on juror bias.

FACTS

Hawk Fuel, a gas station in Ephrata, remains open all night. On the morning of May 2, 2016, station manager Ida Cruz visited the station to account for money received during the graveyard shift. Cruz discovered nine counterfeit $50 bills.

Ida Cruz reviewed surveillance video for the entirety of the April 30-May 1 graveyard shift to discern who presented the counterfeit bills. Cruz viewed Jesse Criswell buying smoking devices and other miscellaneous items with eight $50 bills. While the Hawk Fuel cashier bagged the purchased items, Criswell grabbed some hats and paid for the additional merchandise with another $50 bill.

On May 3, 2016, Ida Cruz returned to Hawk Fuel to again gather cash from the tills. Cruz found a tenth counterfeit $50 bill. Cruz reviewed additional video footage, which showed Jesse Criswell visiting the gas station on a separate occasion and receiving change for a $50 bill.

PROCEDURE

The State of Washington charged Jesse Criswell with forgery and theft in the third degree. By amended information, the State adjusted the charges to three counts of forgery committed on May 1, 2016, an additional count of forgery on May 2, and one count of third degree theft on May 1. Prior to trial, the State filed a restitution report that documented a loss of $500 to Hawk Fuel. At the close of the State's case at trial, the prosecution dismissed one forgery charge from May 1, and the forgery charge from May

2

2. The jury convicted Jesse Criswell of the remaining two forgery counts and the third degree theft charge.

At sentencing, the trial court found Jesse Criswell's forgery convictions constituted the same criminal conduct and imposed concurrent, standard range sentences of twenty-seven months for each count. For the misdemeanor theft conviction, the sentencing court imposed a concurrent sentence of three hundred days with two hundred and seventy days suspended for two years on terms and conditions.

During sentencing, the trial court asked if Jesse Criswell agreed to restitution of $500 or whether the court should schedule a restitution hearing. Defense counsel responded: "We agree to $500 in restitution, your Honor." Report of Proceedings (Sept. 18, 2017) at 19. The sentencing court imposed $500 in restitution.

## LAW AND ANALYSIS

### Restitution

On appeal, Jesse Criswell contends the trial court erroneously imposed restitution in an amount not causally connected to the crimes of conviction. The State thereafter agreed and moved the sentencing court to reduce the restitution amount from $500 to $400 as argued by Criswell. The sentencing court granted the motion. Therefore, this issue became moot. An appeal is moot if we lack the ability to provide an effective remedy. *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012).

3

On appeal, Jesse Criswell also contends his trial counsel engaged in ineffective assistance of counsel when agreeing to restitution of $500. Since the sentencing court has since reduced the restitution amount, this argument also is moot.

Juror Bias

In a statement of additional grounds, Jesse Criswell contends his constitutional right to an impartial jury was violated. He claims a juror lied to the court when the court asked if any venireperson had a personal relationship with Criswell, but one juror failed to respond. Criswell asserts the juror knows him and likely holds bias against him. According to Criswell, the juror engaged in an intimate relationship with Criswell's girlfriend and the two men have suffered uncordial interactions since.

We do not know if Jesse Criswell knew of the alleged bias of the one juror before trial. Regardless, the trial record lacks any facts concerning any potential bias of the juror. A party must identify a portion of the trial court record to sustain a statement of additional grounds for review. RAP 10.10(c). Should Jesse Criswell wish to supplement the record with evidence of his juror bias allegation, he may do so in a personal restraint petition.

CONCLUSION

We affirm the conviction of Jesse Criswell and the reduced restitution amount of $400.

No. 35581-1-III
*State v. Criswell*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Pennell, J.