**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
MARCH 17, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
MARCH 17, 2022

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | NO. 100319-6 |
| Respondent, | |
| v. | EN BANC |
| M.N.H., | |
| Petitioner. | |
| | Filed: <u>March 17, 2022</u> |

PER CURIAM—M.N.H., a juvenile, seeks review of a Court of Appeals decision affirming the juvenile court's imposition of 10 days of confinement for M.N.H.'s failure to comply with the terms of community supervision. *State v. M.N.H.*, 19 Wn. App. 2d 281, 495 P.3d 263 (2021). We grant review and reverse the Court of Appeals. We hold that 13-year-old M.N.H. had a statutory right to advice of her right to counsel and a statutory right to counsel at that hearing. We therefore reverse.

FACTS

In March 2019, M.N.H., who was then 13 years old, pleaded guilty to fourth degree assault after consulting with counsel. The juvenile court imposed three days of confinement and suspended the balance of the sentence on condition that M.N.H. comply with the terms of community supervision and community service. M.N.H. subsequently violated some conditions of her community supervision, resulting in several revocation hearings and additional periods of confinement.

M.N.H. appeared for one such violation hearing on May 7, 2019, without counsel. The State informed the court that M.N.H.'s father and her attorney were both

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

unable to attend the hearing and requested a continuance. The court ordered that M.N.H. be held on bail and set the hearing for the next day. Without prompting, M.N.H. apologized to the court for coming back and stated that it would be the last time. M.N.H. appeared in court with her attorney the next day and admitted the violations.

In October 2019, M.N.H. appeared in court with counsel to contest allegations that she failed to attend school and failed to follow parental rules and curfew. The court found that M.N.H. violated the disposition order. It imposed a sanction of 10 days of confinement, which it suspended at M.N.H.'s request.

In November 2019, M.N.H. returned to court to face allegations of further violations. Her lawyer was not present. At this hearing, the court summarily revoked the previously imposed suspended sentence and ordered M.N.H. to serve 10 days of confinement (with credit for 1 day served).

Although M.N.H.'s assignments of error on appeal were technically moot by the time she appealed the 10-day incarceration sanction (because she had already served that time), the Court of Appeals elected to review two of M.N.H.'s claims. It declined, however, to review M.N.H.'s contention that the juvenile court violated her statutory right to counsel, concluding that she waived the argument by not objecting in the trial court. We exercise our discretion to review M.N.H.'s statutory right to counsel claim. *See State v. Blazina*, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015) (this court has discretionary authority to review claims raised for the first time on appeal).

ANALYSIS

RCW 13.40.140 provides a juvenile with the statutory right to counsel at all "critical stages" of the proceedings, unless the juvenile "waive[s]" that right. RCW 13.40.140(2). That right to counsel attaches at any proceeding in which the juvenile faces the "danger of confinement." *Id*. The record here reflects that 13-year-old M.N.H. not only faced the "danger of confinement," she was actually confined for 10 days as a

result of the court's decision at the November 2019 hearing, which proceeded without counsel.

This right to counsel comes with a statutory directive that the juvenile and their parent, guardian, or custodian "shall be advised by the court" about the right to representation. *Id*. The juvenile shall be fully advised of their right to an attorney and of the relevant services an attorney can provide. *Id*. In order for any purported waiver of this right to counsel to be effective, it must be "an express waiver intelligently made by the juvenile after the juvenile has been fully informed of the right being waived." RCW 13.40.140(10).

None of that happened here. The record shows that the court failed to advise M.N.H., her family, or anyone else of the right to counsel. Understandably, M.N.H. did not raise the issue herself, nor was she required to do so. Lastly, even if a juvenile could waive the right to counsel without being advised of the right and without the opportunity to consult with counsel, a matter we need not decide, M.N.H. did not do so here. The record is silent on waiver, and, at a bare minimum, a 13-year-old cannot waive counsel based on a silent record.

The prerequisites to the attachment of the statutory right to counsel were therefore satisfied in this case. And the right was violated.

The Court of Appeals declined to reach this statutory issue in part because M.N.H. did not object; that court referred to the right to counsel challenge as an "alleged procedural misstep[]." *M.N.H.*, 19 Wn. App. 2d at 285-86, 286 n.2. But M.N.H. was 13 years old. She was not told that she had a right to counsel to assert. She did not consult with counsel before deciding whether she should give up this valuable right. The court did not even ask whether M.N.H. waived her right to counsel. We therefore disagree with the Court of Appeals' conclusion that we can infer that M.N.H. waived her right from the silent record.

The Court of Appeals also declined to reach this statutory issue in part because M.N.H. had already served her time and, hence, it could provide no effective relief—in other words, the case was moot. We agree. But given the importance of the guiding hand of counsel, particularly for a juvenile, we conclude that this issue falls within an exception to the mootness doctrine. *See State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012) (this court may retain and decide a technically moot appeal if it involves matters of continuing and substantial public interest).

The State asserts that any error in depriving M.N.H. of her right to counsel at the November 2019 hearing at which she received the 10-day sanction was harmless, so she is not now entitled to relief. But as discussed above, this case is moot. There is no adequate relief that this court can provide anyway.

We therefore grant discretionary review and reverse the Court of Appeals' decision that 13-year-old M.N.H. silently waived her statutory right to counsel at the November 2019 hearing.  We hold that the statutory right to counsel attached, the statutory right to counsel was not waived, and the statutory right to counsel was violated.