# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 80621-1-I |
| KEITH KRAUSE, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

CHUNG, J. — Keith Krause filed a personal restraint petition (PRP) for relief from the Department of Correction's (DOC) requirement that he obtain prior approval to leave Kitsap County while on community custody. As of December 17, 2021, Krause's term of community custody expired and he was no longer subject to the geographic restriction. Because Krause has been released from custody, his petition is moot. We therefore grant the State's motion to dismiss Krause's petition.

## FACTS

In 1994, Krause was sentenced for six sex offenses committed in 1993. Krause received 360 months of total confinement followed by a term of community placement. When Krause's release date approached, he filed a PRP. He initially argued that he was unlawfully restrained because DOC placed geographical boundary restrictions on his release address that the sentencing court had not imposed. After submitting multiple

proposed release addresses that DOC rejected, Krause eventually obtained housing in Kitsap County.[1]

After his release, Krause filed addenda to his PRP, including one in which he raised the additional issue that DOC had placed geographic boundaries on him such that he was required to obtain a travel pass to leave Kitsap County. This court dismissed Krause's claim about his rejected proposed release addresses as moot. After initially staying the remaining travel restrictions claim, we requested additional briefing on the impact of the decision in In re Personal Restraint of Winton, 196 Wn.2d 270, 474 P.3d 532 (2020).

As of December 17, 2021, Krause's term of community custody expired, and he was no longer subject to the geographic restriction. DOC then moved for this court to dismiss the PRP as moot.

ANALYSIS

A case is moot if the court can no longer provide effective relief. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). As a result of Krause's release from all community custody conditions, his PRP alleging unlawful restraint due to a community custody condition is moot. See In re Pers. Restraint of Schley, 191 Wn.2d 278, 284, 421 P.3d 951 (2018). Generally, the court will not consider questions that are moot. Id.

As an exception to the mootness doctrine, the court may choose to decide the issue if it involves matters of continuing and substantial public interest. Hunley, 175

---

[1] Originally, Krause proposed an address in Tukwila, which was rejected as being too close to the residence of the victim's mother, which the victim frequented. Additionally, DOC noted that King County was Krause's county of origin but he had no community support in that area. A second King County address was rejected due to information provided by the victim liaison. Krause received housing at a Snohomish County address which was also rejected due to proximity to a daycare and a library.

Wn.2d at 907. Determining whether an appeal presents an issue of continuing and substantial public interest requires consideration of three factors: (1) the public or private nature of the question presented, (2) the desirability of a decision to provide future guidance to public officers, and (3) the likelihood of reoccurrence. Id. Most exceptions to the mootness doctrine involve issues of constitutional or statutory interpretation. In re Pers. Restraint of Mattson, 166 Wn.2d 730, 736, 214 P.3d 141 (2009). "The public interest exception has not been used in statutory or regulatory cases that are limited on their facts." Hart v. Dep't of Soc. & Health Servs., 111 Wn.2d 445, 449, 759 P.2d 1206 (1988); see also State v. Beaver, 184 Wn.2d 321, 331, 358 P.3d 385 (2015).

Existing case law establishes that for offenders who committed crimes before 1997, DOC is authorized to require affirmative acts to monitor compliance with crime-related prohibitions and other sentencing conditions. State v. McClinton, 186 Wn. App. 826, 834, 347 P.3d 889 (2015). Any determination as to whether the geographic boundary is a properly imposed affirmative act to monitor Krause's compliance with his specific community custody conditions requires a fact-specific inquiry, and, thus, a decision would be limited to its facts.

Additionally, given the Washington State Supreme Court's decision discussing the fundamental right to travel while under community custody in Winton, Krause has not shown a need for further guidance on geographic limitations. Nor has he established that his case would provide an appropriate vehicle for such additional guidance, if needed.

Because Krause's petition does not involve matters of continuing and substantial public interest that require our review, we dismiss the petition as moot.

_Chung, J._

WE CONCUR:

_Brennan, J_    _Dwyer, J._