IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  39018-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER RAY ZUFALL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Christopher Zufall appeals the sentence imposed for his conviction for possession of a stolen vehicle.  He contends there is no statutory authority for the community custody imposed by the court.  He asks us to order a full resentencing where the State failed to offer, and counsel and the court failed to critically review, proof of his criminal history.

The community custody term must be struck.  For that reason, and because the State does not object to the requested resentencing, we grant both requests for relief.

FACTS AND PROCEDURAL BACKGROUND

A jury found Christopher Zufall guilty of possession of a stolen vehicle.  The matter proceeded to sentencing in June 2022.

The State filed a two-page sentencing memorandum that set forth Mr. Zufall's alleged criminal history and its determination of his offender score using the relevant

scoring sheet from the Washington State Adult Sentencing Guidelines Manual. The

criminal history had been purged of simple controlled substance possession convictions

rendered invalid by *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). It still reflected

13 class B and C felonies committed between 1991 and 2021, most of which were

committed in or before 2000, with 5 committed while Mr. Zufall was a juvenile. Still, the

State calculated Mr. Zufall's offender score as 15, remarking at sentencing that this was

in part because he had two prior vehicle theft-related convictions, each of which added

multiple points.

Given a 9+ offender score and the Level II seriousness of his offense, the State's

sentencing memorandum stated that Mr. Zufall's standard sentence range was 43 to 57

months. It recommended that the court impose a 50-month sentence, the midpoint of the

range.

The court began the sentencing hearing by asking if there was any dispute about

Mr. Zufall's offender score:

> No, Your Honor. I—I—my memory is that Mr. Morris had him
> counted up on everything that he had—I can't remember if he took into
> account any of the <u>Blake</u> stuff that came off. But ultimately came to the
> conclusion that he was over 9, so, he's a 9+ which is as high, you know,
> he's basically maxed out at this point. I didn't see that—with that he was
> asking for any kind of an exceptional higher, you know, on those lines.
>
> So, yeah, I think that we're—we're in agreement. He is a 9+ and
> that we can move forward at that—at that rate.

Rep. of Proc. (RP) at 350. The prosecutor then repeated the information about the score

provided by its memorandum and added, as to community custody, which was not

addressed in its memorandum,

> And this is a charge that does carry community custody.
>
> We're asking the Court to impose a sentence here of fifty months, followed by twelve months of community custody.

RP at 351.

Defense counsel did not object to the representation that the conviction carried a

12-month term of community custody. He also did not object to the 50-month

recommendation if it was imposed as a prison-based drug offender sentencing alternative

(DOSA); if not, he asked the court to impose a 43-month sentence.

The court rejected both parties' recommendations and imposed a high end, 57-

month period of total confinement. It cited Mr. Zufall's high offender score and its

observation from the trial that "the only sorry I see from Mr. Zufall is he's sorry he got

caught." RP at 359. In completing the form felony judgment and sentence, the court

included the community custody term in section 4.2. That section of the form identifies a

12-month community custody term as imposed "for crimes against a person, drug

offenses, or offenses involving the unlawful possession of a firearm by a street gang

member or associate." Clerk's Papers (CP) at 82. Mr. Zufall appeals.

## ANALYSIS

Mr. Zufall makes two assignments of error.

I.    THERE IS NO STATUTORY AUTHORITY FOR INCLUDING A TERM OF COMMUNITY
CUSTODY IN MR. ZUFALL'S SENTENCE

Mr. Zufall's first assignment of error is that the trial court exceeded its authority when it imposed 12 months' community custody. Relying on the judgment form's characterization of the basis for which the community custody was imposed, he points out that his crime of conviction—possession of a stolen vehicle—is not a "crime against a person" within the meaning of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW (nor, obviously, is it a drug offense or an offense involving unlawful possession of a firearm by a gang member or associate). RCW 9.94A.701(3)(a) provides that courts may impose a year of community custody when sentencing someone for "[a]ny crime against persons under RCW 9.94A.411(2)," and RCW 9.94A.411(2) includes a list of the crimes categorized as "against persons." (Some capitalization omitted.) Possession of a stolen motor vehicle is not on the list.

The State responds that statutory authority for ordering community custody exists for the crime, but it appears at RCW 9.94A.711, a statute overlooked by section 4.2 of the judgment and sentence form. That measure, enacted in 2019 and which sunsets in 2026, was a response to a study that noted Washington's high property crime rate and its atypical pattern of repeat offenders serving long sentences but with no provision for supervision as part of the sentence. *See* FINAL B. REP. ON SUBSTITUTE S. B. 5492, at 2, 66th Leg. Reg. Sess. (Wash. 2019). Until the provision sunsets, some motor vehicle

4

theft-related offenses are punishable by a sentence that includes 6 to 12 months' community custody. *See id.*

In responding to Mr. Zufall's appeal, the State realized that the term of confinement imposed by the court makes Mr. Zufall ineligible for the community custody option. Imposing 6 to 12 months' custody is an option for the court only if the offender's sentence of incarceration does not exceed the midpoint of the standard sentence range reduced by one-third of the term of ordered community custody. RCW 9.94A.711(3).

The State therefore concedes error. We agree. Remand is required, with directions to strike the term of community custody.

II.     RESENTENCING IS NOT REQUIRED, BUT IS ORDERED

Mr. Zufall's second assignment of error is that the trial court miscalculated his offender score because the State failed to prove his criminal history and that his defense lawyer was ineffective in failing to challenge the State's calculation. Mr. Zufall does not demonstrate a miscalculation *in fact* of his offender score; he does point out that some large gaps in time between his class B and class C felonies suggest that some of his crimes might have washed out. The State concedes it did not prove the offender score was 15 and it does not object to remand for a full resentencing.

When calculating an offender score, the court may "rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537." RCW 9.94A.530(2).

The State has the burden to prove the criminal history of an offender at sentencing by a preponderance of the evidence. *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012); RCW 9.94A.530(2). The best evidence of a prior conviction is a certified copy of the judgment, though other comparable documents or records of prior proceedings may be sufficient to establish criminal history. *Hunley*, 175 Wn.2d at 910. The defendant's mere failure to object to a State assertion of criminal history will not constitute an acknowledgement of prior convictions, however "*affirmative* acknowledgment of the facts and information alleged at sentencing" may be sufficient to relieve the State of its evidentiary obligations. *Id.* at 912. Counsel's acknowledgment is sufficient. *State v. O'Neal*, 126 Wn. App. 395, 433-34, 109 P.3d 429 (2005), *aff'd*, 159 Wn.2d 500, 150 P.3d 1121 (2007).

Mr. Zufall does not demonstrate that his offender score was something other than 15, so he does not demonstrate that the court relied on a score that was wrong or that he was prejudiced when his trial lawyer stipulated to a score of 9+. He only suspects that if the State is put to its proof, the evidence will reveal some washed out convictions.[1] Accordingly, he is not entitled to have us remand for a full resentencing. Nevertheless, because remand is required to strike the community custody imposed and the State concedes that resentencing is appropriate, we will accept the State's concession.

---

[1] Mr. Zufall may also be aware that changes in the law will affect the counting of his juvenile convictions.

The case is remanded for resentencing consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:


_____
Fearing, C.J.


_____
Lawrence-Berrey, J.