IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34513-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SILVER GARCIA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Silver Garcia appeals his conviction and sentence for attempting to elude, unlawful imprisonment, third degree malicious mischief, and fourth degree assault. We affirm Mr. Garcia's convictions but reverse his sentence and remand for resentencing.

## FACTS

The investigation of Mr. Garcia began with a high speed vehicle chase in Quincy, Washington. Two individuals had been observed in the suspect vehicle by a pursuing police officer. The individuals fled on foot before the officer made contact, leaving the vehicle abandoned. The officer conducted a warrantless search of the vehicle and found a wallet containing a number of items bearing Mr. Garcia's name. Although the vehicle had not been reported stolen, the registered owner was not Mr. Garcia. Attempts to contact the registered owner were unsuccessful.

Mr. Garcia was arrested a few days later at the home of a third party. The circumstances surrounding Mr. Garcia's arrest led to charges of unlawful imprisonment, malicious mischief, and assault. The details of Mr. Garcia's arrest and additional charges are not pertinent to this appeal.

Mr. Garcia's case proceeded to a jury trial. The defense did not file a pretrial motion to suppress the fruits of the warrantless vehicle search. However, an objection was raised during trial. The State claimed the defense had waived any objection to the warrantless search by failing to schedule a CrR 3.6 hearing prior to trial. The State also responded to Mr. Garcia's arguments on the merits. The trial court ultimately overruled the defense objection, reasoning Mr. Garcia did not have standing to contest the search.

The jury found Mr. Garcia guilty on all pending counts. At sentencing, Mr. Garcia was given an offender score of 6 on the attempting to elude conviction, and 5 on the unlawful imprisonment conviction. The offender scores were based on the State's oral representations of Mr. Garcia's criminal history. Mr. Garcia was given concurrent sentences of 15 months for attempting to elude and 19.5 months for unlawful imprisonment with suspended sentences on the two remaining counts. The trial court also imposed 18 months of community custody on the unlawful imprisonment conviction because it was a violent offense. Mr. Garcia appeals.

2

No. 34513-1-III
*State v. Garcia*

ANALYSIS

*Ineffective assistance of counsel*

Mr. Garcia argues defense counsel provided ineffective assistance by not filing a pretrial suppression motion under CrR 3.6. We review this claim de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate ineffective assistance, Mr. Garcia must show both deficient performance and prejudice. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to meet either prong of this test is dispositive of an ineffective assistance claim. *State v. Berg*, 147 Wn. App. 923, 937, 198 P.3d 529 (2008).

Mr. Garcia's ineffective assistance argument fails because he cannot demonstrate prejudice. Even if defense counsel had filed a suppression motion, Mr. Garcia fails to show that the motion would have been successful. The facts of Mr. Garcia's case are materially indistinguishable from those in *State v. Samalia*, 186 Wn.2d 262, 276-77, 375 P.3d 1082 (2016). In *Samalia*, our Supreme Court determined no search warrant was needed to seize a cellular telephone that had been abandoned in a vehicle after a high speed police chase. Based on *Samalia*, we perceive no probability that Mr. Garcia's trial counsel could have prevailed on a suppression motion. Counsel was therefore not

3

ineffective for failing to file such a motion in a timely manner.

*Criminal history*

Relying on *State v. Hunley*, 175 Wn.2d 901, 909-11, 287 P.3d 584 (2012), Mr. Garcia argues the State provided insufficient evidence of his criminal history at sentencing. The State concedes remand is appropriate to correct this error. "Bare assertions, unsupported by evidence, do not satisfy the State's burden to prove the existence of a prior conviction." *Id.* at 910. The best way for the State to meet this burden is to provide a certified copy of the prior judgment, but there are also other means of meeting this burden. *Id.* at 910-11 (providing examples). Here, the State only provided an oral recitation of Mr. Garcia's criminal history at sentencing. This was insufficient to meet the State's burden. Mr. Garcia's lack of an objection at sentencing does not alter the outcome. *See id.* at 913. Remand is required so that the State may be held to its burden of proving Mr. Garcia's criminal history.

*Community custody term*

Mr. Garcia argues the trial court erred by imposing an 18-month community custody term for a violent offense on his unlawful imprisonment conviction. Whether a trial court's sentence is authorized by statute is reviewed de novo. *State v. Coombes*, 191 Wn. App. 241, 249, 361 P.3d 270 (2015), *review denied*, 185 Wn.2d 1020, 369 P.3d

No. 34513-1-III
*State v. Garcia*

500 (2016). Mr. Garcia asserts, and the State appropriately concedes, that unlawful imprisonment is a crime against a person, not a violent offense. Thus, under RCW 9.94A.701(3)(a) and .411(2)(a), only a 12-month community custody term is authorized. Remand is required to correct this error.

## CONCLUSION

We affirm Mr. Garcia's convictions but remand for resentencing. Because Mr. Garcia has prevailed on two of the three issues on appeal, we grant his request to deny appellate costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, A.C.J.                                Siddoway, J.

5