IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ELVIRA FLORENCIA FLORES, | ) | |
| | ) | No.  35525-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUNIOR ENRIQUE SOTO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — RCW 10.14.080(1) enables a petitioner to obtain temporary and longer-term antiharassment protection orders if the petitioner makes a sufficient showing at the ex parte and full hearings provided by the statute.  RCW 10.14.080(8) provides, however, that the court "shall not prohibit the respondent from the use or enjoyment of real property to which the respondent has a cognizable claim unless that order is issued under chapter 26.09 RCW or under a separate action commenced with a summons and complaint to determine title or possession of real property."  A victim is not without a remedy for harassment taking place at jointly-owned real property, but must pursue it under the legal procedure that applies to family or other real property disputes.

No. 35525-0-III
*Flores v. Soto*

Mr. Soto challenges a civil antiharassment protection order entered on August 17, 2017 that prohibited him, among other things, from coming within 500 feet of a home that he jointly owned with the petitioner. The trial court lacked the statutory authority to impose that prohibition. We remand with instructions to vacate that provision of the order.

FACTS AND PROCEDURAL BACKGROUND

On August 7, 2017, Elvira Florencia Flores petitioned the trial court ex parte for a temporary antiharassment protection order, asserting that Junior Enrique Soto, with whom she had two children and had lived for many years, refused to accept the termination of their relationship and was showing up at her residence and work repeatedly. She asserted that Mr. Soto had stalked her on Facebook and sent her messages even after she had told him to stop. His continuing objectionable contact distressed her, caused her fear for the safety of her children, and interfered with her performance of her job. The petition in which she applied for protection—a court form— included questions about whether her case involved title to or possession of real property, or whether the respondent claimed an interest in the property, to which she answered no. Clerk's Papers (CP) at 1. The trial court entered the requested temporary order and set the full hearing for August 17 on whether to an order antiharassment protection for a longer period.

2

Mr. Soto retained a lawyer, who filed a notice of appearance on August 16. At the full hearing that took place the following day, Mr. Soto's lawyer asked the trial court to dismiss the case so that Mr. Soto could establish paternity and seek a parenting plan in family court. The trial court denied the request and instead questioned the parties directly in order to determine whether Ms. Flores was entitled to a longer-term antiharassment protection order. When Mr. Soto's lawyer stated that she wished to respond for her client, the court stated, "No, I want to hear from him." Report of Proceedings (RP) at 3.

During the questioning, Mr. Soto told the court that the house that he was forbidden to approach under the temporary order was a house that he and Ms. Flores were buying together, and "is under my name, too." RP at 3. Ms. Flores confirmed that she and Mr. Soto owned the house together but that she "asked him to move out" and she wanted him to stay away because she "thought that was the way it worked, I guess." RP at 4. She told the court that her children missed Mr. Soto, and she didn't want the order to prevent him from contacting them. She said her mother could deliver the children for visits with Mr. Soto, who could return them to her residence at a time when she would not be there. As she explained, it was his persistent efforts to communicate with her that were objectionable.

After hearing from the parties, the court denied Mr. Soto's lawyer's renewed request to refer the issues to family court and the lawyer's alternative request for a continuance to arrange for witness appearances. The court stated, "I agree with you

3

completely that this really needs to be in family court and all this needs to be worked out in family court. But the last time I did an order designed to accomplish that, the Court of Appeals reversed me on it. So I have to do what I have to do."[1] RP at 6.

The trial court entered the order only as to Ms. Flores personally. The portion of the order addressed to physical contact restrained Mr. Soto from entering or being within 500 feet of Ms. Flores's place of employment and residence, but as the court explained, "I've written in[ ] that he can contact her through her mother about the kids and visits with the children can take place at her residence. So the part that says he has to stay away from the residence does not apply if he's there for the purpose of seeing the children." RP at 10. It then clarified that visits with the children at the house could take place if Ms. Flores was not there.

Mr. Soto appeals the order of protection.

---

[1] We believe the trial court was referring to *Juarez v. Juarez*, 195 Wn. App. 880, 891, 382 P.3d 13 (2016), an action for protective relief under the Domestic Violence Protection Act, chapter 26.50 RCW, rather than under chapter 10.14 RCW, dealing with harassment. Rather than enter the one-year order that the wife in *Juarez* sought against her husband, the trial court entered a 65-day order to maintain the status quo until the parties could conduct a hearing in their marital dissolution action.

This court held that deferring to a future hearing rather than granting the full relief supported by the merits was inconsistent with RCW 26.50.025(2), which provides that "[r]elief under [the Domestic Violence Prevention Act] shall not be denied or delayed on the grounds that the relief is available in another action." *Juarez*, 195 Wn. App. at 887-88 (alterations in original).

ANALYSIS

Mr. Soto makes 10 assignments of error on appeal, including that the trial court exceeded its statutory authority by restraining Mr. Soto's use and enjoyment of his real property and limiting his right to care for his children, that it denied him due process, and that it abused its discretion by denying the requested continuance. Ms. Flores has not responded. The order for protection expired on February 17, 2018.

The obvious first question is whether the appeal is moot. "'[I]f the court can no longer provide effective relief,' then the case is basically moot." *State v. Cruz*, 189 Wn.2d 588, 597, 404 P.3d 70 (2017) (alteration in original) (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)). The general rule is that moot cases should be dismissed. *Cruz*, 189 Wn.2d at 597 (citing *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). An exception exists for moot cases where it can be said that matters of "continuing and substantial public interest are involved." *Sorenson*, 80 Wn.2d at 558. Criteria considered are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question. *Id.*

Nothing about the procedure followed in the summary hearing or the denial of the continuance request raises a matter of continuing and substantial public interest. We deem all assignments of error other than those that challenge the trial court's statutory

authority to order the relief granted to be moot. We write briefly to address the challenges to the court's statutory authority.

As observed in the introduction, RCW 10.14.080(8) provides that in granting a civil antiharassment protection order, the court "shall not prohibit the respondent from the use or enjoyment of real property to which the respondent has a cognizable claim unless that order is issued under chapter 26.09 RCW or under a separate action commenced with a summons and complaint to determine title or possession of real property." In *Price v. Price*, 174 Wn. App. 894, 301 P.3d 486 (2013), Division Two of this court addressed the provision's application to an antiharassment order that sought to resolve a family dispute over a jointly-owned beachfront home by ordering the owner of a 5/6 interest to stay away during the summer vacation stay of other family members. This court reversed, holding that the trial court lacked authority under RCW 10.14.080(8) to impose the restraint on the owner of the 5/6 interest.

In *Buchheit v. Geiger*, 192 Wn. App. 691, 697, 368 P.3d 509 (2016), Division One of this court addressed RCW 10.14.080(8)'s application to an antiharassment order that sought to resolve a dispute between the owners of lakefront property and their upland neighbor over the latter's asserted easement right to affix a dock and reach it by crossing the lakefront lot. The trial court reviewed the instrument that the upland owner contended created his easement, questioned whether it *did* create an easement, and granted the requested antiharassment protection order. The court indicated that if the

6

easement matter was later resolved in the upland owner's favor, he would have the right

to come back for relief. This court defined a "cognizable claim" under RCW

10.14.080(8) as "one that would survive a motion to dismiss under CR 12(b)(6) if

pleaded in an ordinary civil action," held that the upland owner's claim to hold an

easement met that definition, and reversed the antiharassment protection order. *Buchheit*,

192 Wn. App. at 697.

Here, the parties' statements to the court that the house in which Ms. Flores

resided was being jointly purchased by the parties demonstrated Mr. Soto's cognizable

claim.[2] The trial court lacked authority to enter the provision of the August 17 order that

restrained Mr. Soto from coming within 500 feet of Ms. Flores's residence.

The trial court correctly determined, however, that it was obliged to determine

whether Ms. Flores was entitled to the remaining protections provided by a civil

antiharassment protection order, notwithstanding different procedures she could have

pursued or would pursue under chapter 26.09 RCW or in a partition action. *See* RCW

---

[2] RCW 10.14.080(8) was never explicitly mentioned during the summary hearing, but when questioned, Mr. Soto clearly objected to the fact that the requested restraint would prevent him from coming near a home that he jointly owned. Even the trial court, in questioning Ms. Flores, stated, "So why wouldn't he have the right to come into his house?" RP at 4. Given that Mr. Soto's lawyer stated at the outset that she assumed the petition would be dismissed; that the trial court told the lawyer that in the short time available it wanted to hear Mr. Soto's response to Ms. Flores's request, not the lawyer's; and that the provision is a limitation on the trial court's statutory authority; we find the issue to have been adequately raised.

7

10.14.080(3) (providing that if the court finds at the hearing that unlawful harassment exists, an antiharassment protection order "*shall* issue" (emphasis added)).

We remand to the trial court with directions to vacate that portion of the August 17 order that restrained Mr. Soto from coming within 500 feet of Ms. Flores's residence.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Fearing, J.