# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50239-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| T.A.D., | |
| Appellant. | |

MAXA, C.J. – TAD appeals the confinement the juvenile court imposed on her for a community supervision violation. She claims that a previously imposed penalty should have included that violation. Because TAD has served the confinement and no longer is under community supervision, this matter is moot. Accordingly, we dismiss TAD's appeal.

## FACTS

On May 5, 2016, TAD pleaded guilty to one count of fourth degree assault. The juvenile court imposed 12 months of community supervision, 16 hours of community service work, and 30 days of confinement. The juvenile court imposed several conditions of community supervision, including a curfew and a prohibition from using illegal drugs and alcohol.

On March 10, 2017, the State filed a motion to revoke or modify TAD's community supervision because she failed to abide by the curfew. On March 30, the juvenile court imposed 30 days of confinement for the curfew violation with credit for time served.

On April 5, 2017, the State filed a motion to revoke or modify TAD's community supervision because a March 16 urinalysis test showed high levels of cannabinoids. On April 20, the juvenile court held a hearing on the violation. TAD did not dispute the violation, but she argued that the court could not impose additional confinement time because the violation should have been considered at the March 30 hearing. The juvenile court imposed 15 days of confinement for the violation. TAD's community supervision ended on May 5, 2017.

TAD appeals the juvenile court's imposition of confinement for the March 16 violation.

ANALYSIS

RCW 13.40.200(3) authorizes a juvenile court to impose a penalty of up to 30 days' confinement for a willful violation of a community supervision order, but also states that "[p]enalties for multiple violations occurring prior to the hearing shall not be aggregated to exceed thirty days' confinement." TAD argues that the juvenile court violated this statute by imposing a total of 45 days' confinement for two violations that occurred before the March 30 hearing.

However, an appeal is moot if we lack the ability to provide an effective remedy. *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). And a challenge to a sentence becomes moot if the defendant already has served that sentence. *Id.* An appeal that raises only moot issues ordinarily must be dismissed. *Id.* Here, TAD already has completed her sentence. She served the 15 days' confinement that she challenges and her term of community supervision has ended. Therefore, her claim is moot.

We may choose to address a claim even though it is moot if the claim involves a matter of continuing and substantial public interest or issues of public interest. *Id.* We consider

whether (1) the question presented is public or private in nature, (2) an authoritative determination is desirable to provide guidance for public officers, and (3) there is a likelihood that the question will recur in the future. *Id.* But TAD does not argue that the interpretation and application of RCW 13.40.200(3) involves a matter of substantial public interest. Therefore, we decline to consider TAD's claim.

## CONCLUSION

Because TAD's only claim in this appeal is moot, we dismiss her appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
LEE, J.

_____
SUTTON, J.