# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51290-4-II |
| Respondent, | |
| v. | |
| V.A.C. | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – VAC appeals the revocation of his special sex offender disposition alternative (SSODA). He contends that the trial court erred by revoking his SSODA. VAC has served his disposition. Because we can provide no further relief, we dismiss VAC's appeal as moot.

## FACTS

In February 2016, VAC, then 16 years old, pled guilty to rape in the third degree. The trial court entered a SSODA and imposed 24 months of community supervision. VAC violated several community supervision conditions, including knowingly being with friends when they purchased marijuana, smoking marijuana, being with a friend who went to purchase marijuana and then stole it, being with his father when he committed theft, viewing internet pornography, failing a monitoring polygraph, and having unapproved sexual contact with a peer-aged female.

After VAC's fifth violation, the trial court granted the State's motion to revoke VAC's SSODA. At this point, VAC was terminated from treatment because he

> has demonstrated an inability to follow court, probation and treatment rules. He has been out of compliance more than he has been complying while in treatment. It is concerning [VAC] continues to engage in high-risk behaviors which are part of his offense cycle, therefore, increasing his risk to the community. It appears he has been deceptive in treatment and lacks regard for the court.

Clerk's Papers (CP) at 96. The trial court found that "there's a basis to revoke the SSODA disposition at this time." Report of Proceedings (Nov. 15, 2017) at 42. The court ordered VAC to serve 60 days detention with credit for 10 days served, and ordered that VAC's "supervision terminates upon completion of the detention time ordered." CP at 27. VAC appealed the revocation of his SSODA in December 2017 and completed the terms of his disposition in January 2018.

ANALYSIS

As an initial matter, the State argues that VAC's appeal is moot because he has completed his disposition. We agree.

"A case is moot 'when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief.'" *State v. Bergen*, 186 Wn. App. 21, 26, 344 P.3d 1251 (2015) (quoting *Spokane research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005)). Appeals challenging the imposition of a suspended sentence following a revocation hearing are moot where the appellant has served the suspended sentence by the time the appeal is heard because there is no further relief that this

court can provide. *In re Pers. Restraint of Schley*, 191 Wn.2d 278, 284, 421 P.3d 951 (2018). We, however, may still decide the appeal if it "'involves matters of continuing and substantial public interest.'" *Schley*, 191 Wn.2d at 284 (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)).

We see no matter of continuing and substantial public interest that warrants deciding this appeal. The decision whether to revoke a SSODA is discretionary. *State v. McCormick*, 166 Wn.2d 689, 705-06, 213 P.3d 32 (2009). A court abuses its discretion if its decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *McCormick*, 166 Wn.2d at 706 (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). RCW 13.40.162(8)(a) authorizes the court to revoke a SSODA if it finds that the juvenile failed to make satisfactory progress in treatment *or* if the juvenile violated any condition of the SSODA.

VAC contends that the trial court failed to order mental health and/or substance abuse treatment and it failed to modify the terms of the SSODA to achieve the rehabilitative purpose of the Juvenile Justice Act of 1977, chapter 13.40 RCW. He further argues against juvenile incarceration in general. These arguments are not of great public interest that can be decided in the context of this case because our review would be limited to whether the trial court abused its discretion in revoking the SSODA. Our decision on these issues would be, at best, dicta or amount to an undesirable advisory opinion.

Because there is no further relief that we may afford and because VAC does not present questions of continuing and substantial public interest, the matter is moot. Accordingly, we dismiss this appeal.

3

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Sutton, J.