# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 81756-6-I |
| Respondent, | |
| v. | DIVISION ONE |
| RONNIE MOORE, | UNPUBLISHED OPINION |
| Appellant. | |

PER CURIAM. — Ronnie Moore appeals the judgment entered upon his plea to attempting to elude a pursing police vehicle. Moore argues, and the State concedes, that he is entitled to recalculation of his offender score and resentencing in light of the decision in State v. Blake,[1] and because a preponderance of the evidence in the record does not otherwise support the calculation of his offender score. We agree and remand to the trial court to recalculate Moore's offender score and resentence him.

In July 2019, Moore pleaded guilty to attempting to elude a police vehicle.[2] The court sentenced him in August 2020, and imposed a standard range sentence of 29 months that he agreed to at the time of his plea, based on an offender score of 13.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] Moore also pleaded guilty to possession with intent to deliver or manufacture a controlled substance, charged in a separate cause, and was sentenced for both crimes at the same time. Moore has appealed that judgment on similar grounds and the appeals are linked for this court's consideration. See State v. Moore, No. 81755-8-I.

After Moore filed his notice of appeal, the Supreme Court decided <u>State v. Blake</u>, 197 Wn.2d 170, 481 P.3d 521 (2021). In <u>Blake</u>, the court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. <u>Blake</u>, 197 Wn.2d at 195. Moore contends, and the State concedes, that he is entitled to be resentenced under <u>Blake</u> because his sentence was based on an offender score that included both Washington and California simple drug possession convictions.[3] <u>See</u> <u>State v. Ammons</u>, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986) ("[A] prior conviction [that] has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered" in a defendant's offender score); <u>State v. Markovich</u>, __ Wn. App. __, 492 P.3d 206, 216 (2021) (<u>Blake</u> requires recalculation of an offender score that includes out-of-state convictions for simple drug possession because those crimes are no longer comparable to any valid Washington crime). Accordingly, we accept the State's concession.

With regard to the remainder of his criminal history, Moore contends that the State failed to offer proof of his prior convictions and/or establish the comparability of his prior out-of-state convictions.

---

[3] The State also notes that points added to Moore's offender score based on his community custody status are also likely implicated by <u>Blake</u>, given that his community custody was based on one of the two King County convictions for possession of a controlled substance.

The State has the burden at sentencing of proving a defendant's criminal history by a preponderance of the evidence. State v. Mendoza, 165 Wn.2d 913, 920, 205 P.3d 113 (2009). The State also bears the burden of proving the existence and comparability of all out-of-state convictions it is attempting to utilize. State v. Olsen, 180 Wn.2d 468, 472, 325 P.3d 187 (2014); RCW 9.94A.525(3) ("[o]ut-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law"). The best evidence of a prior conviction is a certified copy of the judgment and sentence, but the State may introduce comparable documents of records or transcripts of prior proceedings to establish a defendant's criminal history. State v. Hunley, 175 Wn.2d 901, 910, 287 P.3d 584 (2012).

At sentencing, the State did not present certified copies of the judgments and sentences it relied upon to establish Moore's prior convictions. And although copies of the charging and sentencing documents related to two 2007 Nevada convictions were presented to the court prior to sentencing, the court did not determine the comparability of those convictions, because it concluded that excluding them would not affect Moore's standard range. The State acknowledges that comparability will be relevant on remand because of the "certain reduction in Moore's offender score based upon Blake and the potential that earlier convictions may 'wash out.'" We accept the State's concession as to this issue as well.

Based on the decision in <u>Blake</u> and the failure to provide sufficient evidence to prove Moore's prior convictions, we reverse his sentence and remand for resentencing.

_____
Dwyer, J.

_____
Andrus, A.C.J.

_____
Mann, C.J.