

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37686-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| M.N.H., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — M.N.H pleaded guilty to felony harassment as a juvenile. The terms of her community supervision required M.N.H. to obtain an evaluation for drug and alcohol dependency and comply with any treatment recommendations. On July 13, 2020, the court issued an instant probation violation after M.N.H was discharged from a residential treatment program for rule violations. At a probation hearing, the court found by a preponderance of the evidence that M.N.H. had willfully violated the terms of her community supervision by being discharged from inpatient treatment. M.N.H. appeals, arguing that compliance with drug and alcohol treatment only requires abstinence and she was never required to complete treatment. We agree with the State that the appeal is now moot and the case does not raise a matter of continuing and substantial public interest.

BACKGROUND

M.N.H. entered the juvenile justice system when she was 14 years old. She pleaded guilty to felony harassment on February 24, 2020. The court imposed a disposition within the standard range. The terms of her community supervision included community service, and a drug and alcohol dependency evaluation and compliance with treatment recommendations.

On May 19, 2020, an arrest warrant was issued for violation of the disposition order. At a review hearing held later that month, the State presented evidence that M.N.H.'s father had found empty alcohol bottles in her room that smelled like marijuana. The court found that M.N.H. willfully violated the condition to comply with drug and alcohol treatment as well as her curfew requirements. The court ordered 5 days of confinement with credit for four days already served.

On June 9, 2020, the court issued another instant parole violation of the disposition. An arrest warrant was issued for violation of drug and alcohol conditions. During a subsequent hearing on June 16, M.N.H. admitted to the violation. The following day the court found by a preponderance of the evidence that M.N.H. had willfully violated the conditions by not completing the community service hours, failing to comply with the drug and alcohol treatment, and violating parental rules. The court expressed concern that M.N.H. was not addressing her treatment needs and ordered

2

M.N.H. to serve 30 days of detention, provided that she could be released early if a bed date became available at a residential program.

Six days later, M.N.H. was released early to Daybreak Drug and Alcohol Residential Program. While at Daybreak, she participated in group therapy and individual therapy. Two weeks into her treatment, Yakima County Juvenile Probation Department filed an instant probation violation with the court. The report alleged that M.N.H. violated the court-ordered treatment because she had been discharged from Daybreak. M.N.H. was discharged from Daybreak for rule violations after she charged at another participant.

At a hearing held on July 29, a juvenile probation counselor testified that M.N.H. was ordered to complete her in-patient treatments successfully. The juvenile court concluded, by a preponderance of the evidence that M.N.H. willfully violated the drug and alcohol conditions of her felony harassment disposition order when she was kicked out of treatment. Findings of Fact and Conclusions of Law were entered on September 18, 2020.

## ANALYSIS

The State urges us to dismiss the appeal as moot. As the State points out, M.N.H. has served the entirety of her sanction and this court cannot provide any relief on appeal.

As a general rule, the court does not consider cases that are moot or present only abstract questions. A case is moot if the court cannot provide effective relief. *State v.*

*Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012). At this time M.N.H.'s conditions are not being enforced. Nevertheless, M.N.H. argues that the court should consider her matter on the basis of a "continuing and substantial public interest." *State v. Beaver*, 184 Wn.2d 321, 358 P.3d 385 (2015). To determine whether a case presents an issue of continuing and substantial public interest, the court examines: "'[(1)] the public or private nature of the question presented, [(2)] the desirability of an authoritative determination for the future guidance of public officers, and [(3)] the likelihood of future recurrence of the question.'" *Sorenson v. Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972) (quoting *People ex rel. Wallace v. Labrenz*, 411 Ill. 618, 622, 104 N.E.2d 769 (1952)).

In this case, the applications of these factors supports a conclusion that the appeal is moot. First, the question presented in this appeal is largely fact specific. M.N.H. argues sufficiency of the evidence used to support the violation. This requires consideration of the unique facts presented. While we recognize that juvenile matters are generally short term, the need for public interest still requires an issue of continuing and substantial public interest.

M.N.H also fails to demonstrate a need for appellate guidance on defining narrow terms of community supervision. She is not raising a constitutional issue, an issue of statutory interpretation, or even a procedural issue with broad ramifications. There is no

4

indication that this specific issue occurs frequently and that there is a need for further clarification.

We hold that the issue presented on appeal is moot and the appeal should be dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.