IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 83622-6-I |
| Respondent, | |
| v. | DIVISION ONE |
| DIANE R. SCHOLTEN, | UNPUBLISHED OPINION |
| Appellant. | |

DÍAZ, J. — Diane Scholten challenges the entry of an order that directed her to surrender her firearm, arguing that compliance with that order would have required her to violate the terms of a separate no contact order which prohibited her from entering the home where the firearm was kept. Because the underlying charges have been dismissed, the no contact order was terminated, and Scholten was never charged with violating any pre-trial order, this appeal is moot, as Scholten concedes. We further hold that there is no reason to consider the appeal despite its mootness. Accordingly, we dismiss the appeal.

I.      FACTS

On November 13, 2021, Jack Scholten, Diane Scholten's husband, reported to police that Diane[1] had assaulted and threatened him, and that she had

---

[1] For clarity, we refer to the parties by their first names. We intend no disrespect.

Citations and pin cites are based on the Westlaw online version of the cited material.

access to a gun. Diane was arrested. On November 15, 2021, the court issued a temporary domestic violence no contact order, which prohibited Diane from contacting Jack (or coming within 1,000 feet of their shared home) and required her immediately to surrender any firearms or dangerous weapons belonging to her.

On November 19, 2021, the State charged Diane with felony harassment and fourth degree assault. When Diane was arraigned on December 3, 2021, the court renewed the domestic violence no contact order. This order again required Diane to surrender any firearms or dangerous weapons and again avoid contact with Jack.

On December 17, 2021, Diane filed a "Declaration of Non-Surrender," in which she declared that she lawfully owned a firearm which was located at the couple's shared home. She attested that "it is literally impossible for [her] to access the aforementioned handgun" because doing so would subject her to criminal liability for violation of the no contact order. Based on this objection, Diane sought to appeal the order to surrender her firearm.

After Diane filed her notice of appeal, she entered into an agreement with the State which amended the charge against her to misdemeanor harassment and deferred the prosecution for one year. If Diane abided by the terms of the continuance and was not charged with any additional crimes between March 2022 and March 2023, the charge against her would be dismissed with prejudice.

No motion for contempt or criminal charges were filed against Diane for her failure to comply with the weapons surrender order and, on March 17, 2023, the

trial court dismissed the harassment charge with prejudice. Further, the trial court terminated the no contact order.

## II. ANALYSIS

Diane argues that the entry of both a pretrial no contact order and an order directing her to surrender any weapons violated her constitutional right to due process because, under the factual circumstances of this case, compliance with one order would necessarily mean violating the other. Because this issue is now moot, we dismiss the appeal.

An issue is moot if we can no longer provide effective relief for the claimed legal error. State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012) (citing State v. Gentry, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995)). As a general rule, this court will dismiss an appeal that raises only moot issues. State v. Booker, 22 Wn. App. 2d 80, 83, 509 P.3d 854 (2022) (citing Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). However, this court may review a moot case if it presents an issue of continuing and substantial public interest. Hunley, 175 Wn.2d at 907.

Washington courts consider three factors when determining whether a case presents an issue of continuing and substantial public interest: (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. State v. Beaver, 184 Wn.2d 321, 330, 358 P.3d 385 (2015) (citing Hunley, 175 Wn.2d at 907).

Diane was never charged with violating the no contact order or failing to comply with the order to surrender weapons. Because of this and because the harassment charge was dismissed with prejudice and the no contact order was terminated, this court cannot offer any effective relief. Diane concedes that the issue is now moot. She nonetheless argues that we should address the merits because it concerns an issue of continuing and substantial public interest. We disagree.

While the constitutionality of an order to surrender firearms and other dangerous weapons may be a question of public interest, an authoritative determination will provide little guidance for public officers or anyone else precisely because the issue presented is unlikely to recur.

Diane argues that retrieving a firearm for the purpose of surrendering it would require her — and other defendants — to unlawfully possess that firearm, even if momentarily, in violation of RCW 9.41.040(2)(a)(iii). But in 2021, our legislature amended the law to include an immunity provision which provides that

> An order to surrender and prohibit weapons issued pursuant to RCW 9.41.800 must state that the act of voluntarily surrendering firearms or weapons, or providing testimony relating to the surrender of firearms or weapons, pursuant to such an order, may not be used against the respondent in any criminal prosecution under this chapter, chapter 7.105 RCW, or RCW 9A.56.310.

RCW 9.41.801(9)(a); see also LAWS OF 2021, ch. 215, § 75. This provision precludes exactly the criminal liability Diane argues that she faces if she complies by securing and surrendering her firearms.[2]

---

[2] Even without the change in the law, the no contact order at issue here provided Diane with a civil standby procedure that permitted her to return to her home and

4

Because of the procedural safeguards available to defendants, resolution of the issues raised here would not provide future guidance to public officers and these issues are unlikely to recur. Beaver, 184 Wn.2d at 330 (citing Hunley, 175 Wn.2d at 907). Therefore, we conclude that this appeal does not present an issue of substantial public interest.

### III. CONCLUSION

The appeal is dismissed.

Díaz, J.

WE CONCUR:

---

gather her personal belongings — including firearms — with the assistance of law enforcement, to whom she could have immediately surrendered her firearm. This provision defeats the notion that an order to surrender firearms requires that defendant to violate a no contact order.