IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 84134-3-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| GOMER CARL SPOTTEDBEAR, | |
| Appellant. | |

BOWMAN, J. — A jury convicted Gomer Carl Spotted Bear of one count of domestic violence third degree assault, committed on November 29, 2021. Spotted Bear argues he is entitled to resentencing because the State did not prove the existence of any prior felony convictions used to calculate his offender score. The State concedes the error. We agree and remand for resentencing.[1]

In its presentence report, the State included a written summary of Spotted Bear's criminal history, asserting he had five prior felony convictions and was on community custody at the time of the offense. As a result, it calculated his offender score at 7 and his standard sentence range at 33 to 43 months. At sentencing, the court agreed and sentenced Spotted Bear to a special drug offender sentencing alternative with 19 months of confinement and 19 months of community custody. Spotted Bear appeals the calculation of his offender score.

---

[1] Spotted Bear also claims instructional error. But two months after he filed his opening brief, the parties discovered he relied on erroneous language in an inaccurate verbatim report of proceedings. The parties then jointly moved to amend the transcript, which we granted. Because the amended transcript shows that the trial court did not give the instruction to which Spotted Bear assigns error, we do not address the issue.

We review a sentencing court's calculation of an offender score de novo. State v. Wilson, 113 Wn. App. 122, 136, 52 P.3d 545 (2002). At sentencing, the State must prove the existence of prior convictions by a preponderance of the evidence. State v. Hunley, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012).[2] Such evidence may include certified copies of prior judgments, comparable documents of record, or transcripts of prior proceedings. Wilson, 113 Wn. App. at 136. But bare assertions of a defendant's criminal history are not enough to satisfy the State's burden. Hunley, 175 Wn.2d at 910.

Here, the State presented no evidence of Spotted Bear's prior convictions. Accordingly, we accept the State's concession and remand for resentencing. On remand, both parties may present any evidence relevant to ensure the accuracy of Spotted Bear's criminal history. State v. Jones, 182 Wn.2d 1, 10-11, 338 P.3d 278 (2014).

_____
Brennan, J.

WE CONCUR:

_____     _____

---

[2] The State may be relieved of this burden if the defendant affirmatively acknowledges his offender score and criminal history. Hunley, 175 Wn.2d at 917. Spotted Bear did not do so.