

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | |
| | ) | No.  40035-2-III |
| O.B. | ) | |
| | ) | |
| | ) | UNPUBLISHED OPINION |

STAAB, A.C.J. — On August 8, 2023, the juvenile court held a first dependency review hearing and found that the Department of Children, Youth, and Families (Department) made active efforts to engage L.H., the father of dependent child, O.B., in remedial services to prevent the breakup of the Indian family.

L.H. sought discretionary review and the Department conceded that the superior court erred in finding that the Department had provided active efforts.  This court granted discretionary review to determine the appropriate remedy for the failure to provide active efforts.

At a later proceeding, while this appeal was pending, the superior court determined that the Washington State Indian Child Welfare Act (WICWA), ch. 13.38 RCW, and the Indian Child Welfare Act (ICWA) no longer applied to the proceedings. After this finding was made, the Department filed its brief in this appeal arguing that the trial court's determination rendered L.H.'s appeal moot.  In his reply brief, L.H. concedes

that the court's application of ICWA/WICWA is moot, but asks us to nevertheless consider the issue.

We determine that the issue raised on appeal is moot and decline to exercise our discretion to review the issue. Consequently, we dismiss the appeal.

ANALYSIS

The Department contends this appeal is moot because it was later determined that ICWA/WICWA do not apply to the proceedings. L.H. concedes the issue is technically moot but nonetheless contends it is a matter of continuing and substantial public interest and therefore this court should review it. We decline the invitation to review the matter since the only contested issue on appeal was the appropriate remedy and we cannot provide a remedy for a moot issue.

Generally, this court will not consider "cases that are moot or present only abstract questions." *State v. Beaver*, 184 Wn.2d 321, 330, 358 P.3d 385 (2015). A case is considered moot if "'the court can no longer provide effective relief.'" *Id.* (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)). Even if a case is considered moot, this court has discretion to review the appeal "if the question is one of continuing and substantial public interest." *Id*.

Courts typically consider three factors to determine whether a case presents an issue of continuing and substantial public interest: "(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future

2

guidance to public officers; and (3) whether the issue is likely to recur." *In re Marriage of Horner*, 151 Wn.2d 884, 892, 93 P.3d 124 (2004).

Here, L.H.'s appeal is moot because neither ICWA nor WICWA apply to these proceedings. The relevant federally recognized tribes responded that O.B. is neither a member nor eligible for membership. Furthermore, on March 14, 2024, the court entered an order finding that ICWA and WICWA do not apply to the dependency proceedings.

Additionally, L.H.'s appeal does not present a question of continuing and substantial public interest because "active efforts" is limited to the specific facts and circumstances in this case. *See Beaver*, 184 Wn.2d at 331 ("The continuing and substantial public interest exception . . . is not used in cases that are limited to their specific facts."). As L.H. pointed out in his opening brief, the only issue remaining in this appeal was the appropriate remedy. In light of the parties' concession, we cannot provide a remedy.

We dismiss L.H.'s appeal as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____      _____
Fearing, J.                                                    Cooney, J.

3